Turner, J.
 

 The decision in this case rests upon-whether under the criminal laws of this state appellant may be treated as an entity.
 

 If appellant is an entity then its appearance was-entered by its motion to quash in which not only the-jurisdiction of the court over the person was challenged but the merits of the case were also challenged. It is elementary that where one comes into court for-
 
 *22
 
 the purpose of objecting to jurisdiction of his person the motion or pleading must be strictly limited to the ■question of jurisdiction.
 

 Attention is called to the first paragraph of the syllabus in the cases reported under
 
 Rogers
 
 v.
 
 State,
 
 87 Ohio St., 308, 101 N. E., 143, as follows:
 

 “Jurisdiction of the subject matter is always fixed and determined by law, while jurisdiction of the person may be fixed and determined by consent of parties, failure to timely and properly object, and the like.”
 

 If appellant is to be treated as an entity then the various rulings were correct. The only question which ■does not involve the status of appellant is the claim by appellant that Section 13067, General Code, is limited or amended by Sections 13063 and 13064, General Code, on the ground that Section 13067, General ■Code, is
 
 in pari materia
 
 with the former sections.
 

 We have no common-law offenses in Ohio, our criminal law being statutory. However, if the common law ■of crimes and offenses were applicable in Ohio it is ■clear that a voluntary association could not be prose■cuted as an entity. A search of the criminal laws of this state fails to disclose that any provision has been made for treating a voluntary unincorporated association as an entity except for the purpose of identification. We are not here dealing with any action under the civil code and, therefore, such Sections as 9462, 10060 and 10061-1, General Code, are inapplicable. Inapplicable also is the decision of the United States 'Circuit Court of Appeals for the Sixth Circuit in the case of
 
 Scanlon
 
 v. Duffield, 103 F. (2d), 572, 14 Ohio Opinions, 445, where it was held in substance in a civil -case that a subordinate council of a non-profit fraternal corporation operating under a lodge system is a legal ■entity separate from its members and they are not personally liable on its debenture bonds.
 

 
 *23
 
 In the case of
 
 Koogler et al., Trustees,
 
 v.
 
 Koogler,
 
 127 Ohio St., 57, 186 N. E., 725, it was held:
 

 “1. An unincorporated subordinate lodge of the-Independent Order of Odd Fellows is a voluntary association, and its members are engaged in a joint, enterprise.
 

 “2. One who is a member of such lodge in good: standing at the time of injury cannot recover damages-from the lodge for personal injury, as there is no-liability. ’ ’
 

 It has been urged that Section 13437-8, General Code, has the effect of giving appellant the status of' an entity. This section provides:
 

 [j‘In any indictment or information it is sufficient for the purpose of identifying any group or association of persons, not incorporated, to state the proper-name of such group or association (if such there be),, to state any name or designation by which the group or association has been or is known, to state the names of all persons in such group or association or of one or more of them, or to state the name or names of one or more persons in such group or association referring to-the other or others as ‘another’ or ‘others.’ It is sufficient for the purpose of identifying a corporation-to state the corporate name of such corporation, or any name or designation by which such corporation has-been or is known. ’ ’
 

 This section falls far short of providing that such' unincorporated group or association may be prosecuted as such under the name or designation by which-such group or association has been or is known. The-criminal code contains no provision for service on an-unincorporated group or association similar to Section 13438-12, General Code, providing for summons-on indictments against corporations. \JIhe purpose of Section 13437-8, Genera] Code, is clearly stated there
 
 *24
 
 in to be the
 
 identification
 
 of a corporation, a group or .association in an indictment or information. With ■ this statute in force it would be necessary only to refer to the property stolen from a corporation or such an ■ association by the name of the corporation or such ¡group or association, as owner. This would greatly shorten the indictment or information and greatly .facilitate prosecution.^
 

 While there is no provision for service upon a voluntary unincorporated association, that question in this case would become immaterial if there were a provision in the criminal code authorizing the prosecution of such an association as an entity.
 

 As stated in 12 Ohio Jurisprudence, 103, Section 60:
 

 “The object of the warrant is to bring the party before the court, and if he voluntarily comes, and gives 'bail, and submits to a trial, without the issue or service • of a warrant, this is all that is necessary. ’ ’
 

 If appellant can be held to be an entity under our criminal law, it was properly before the court upon the filing of appellant’s motion to quash which motion was not limited to the question of jurisdiction.
 

 The prosecuting attorney urges that the law of Ohio recognizes an incorporated association as an entity •separate and apart from its members. He urges also the doctrine of virtual representation in addition to Section 13437-8, General Code. With the exception of this latter section his authorities involve civil eases •only. As to Section 13437-8, General Code, we have called attention to the fact that that is only an identification statute and does not authorize the
 
 prosecution
 
 ■of. such an unincorporated group or association.
 

 The information in this case was filed under Section 13067, General Code, which provides:
 

 “Whoever writes, prints or publishes an account •of a lottery or scheme of chance, by whatsoever name,
 
 *25
 
 style or title denominated or known, stating when or-where it is to be or has been drawn, or the prizes therein, or any of them, or the price of a ticket, or showing-where a ticket may be or has been obtained, or giving - publicity to such lottery or scheme of chance, shall be-fined not more than five hundred dollars or imprisoned, in jail not more than six months, or both.”
 

 (.Section 12371, General Code, provides:
 

 "In the interpretation of Part Fourth the word' ‘whoever’ includes all persons, natural and artificial,, partners, principals, agents, employees, and all officials, public or private.” .
 

 While members of voluntary associations have been-held in many cases to be partners, it would be legislation on the court’s part to say that Section 12371,. General Code, authorizes criminal prosecution of the "partners” under a-group title.fi
 

 The general statute for providing how partnerships-may be sued and for service thereon is not helpful here. Neither is Section 8077, General Code, providing-for service on certain partnerships, helpful here.
 

 As all statutes providing for the prosecution of offenders in criminal cases are to be strictly construed,., we see no' alternative to holding that appellant may not be held to answer as an entity for the offense-charged in this case.
 

 In the case of
 
 State v. Associates Investment Co.,
 
 136 Ohio St, 456, 26 N. E. (2d), 457, 29 A. L. R., 1074, it was held:
 

 "Penal statutes are strictly construed. Where a-statute defining an offense designates one class of persons as subject to its penalty, all other persons are-deemed to be exempted therefrom. ’ ’
 

 As stated in 2 Sutherland on Statutory Construction* (2 Ed.), 963, Section 520:
 

 "That penal statutes are to be strictly construed!
 
 *26
 
 has become a maxim of the law, affirmed and illustrated by innumerable cases. * # * Nothing is to be regarded as included within them that is not within their letter as well as their spirit; nothing that is not clearly and intelligibly described in the very words of the statute, as well as manifestly intended by the legislature.”
 

 The remaining assignment of error is based upon the fact that the information does not show that the game of chance was conducted for the accused’s own profit.
 

 It is contended by appellant that Section 13067, General Code, is
 
 in pari materia
 
 with Sections 13063 and 13064, General Code, and, therefore, we should read into Section 13067, General Code, the 1943 amendments of Sections 13063 and 13064, General Code, whereby the sale of lottery tickets or the promotion of lotteries or schemes of chance were punishable only if done for the accused’s own profit. Amendment by Implication is not favored even in civil matters much less where a criminal statute imposing a penalty is sought to be so amended.
 

 The limitations and restrictions of the
 
 in pari materia
 
 rule are well set forth in 37 Ohio Jurisprudence, 610, Section 336, as follows:
 

 “The rule
 
 in pari materia
 
 is, of course, applicable only when the terms of the statute to be construed are ambiguous or its significance is doubtful. It is not to be applied to effect a construction contrary to the elearly manifested intent of the legislature. Courts have also refused to invoke the rule for the purpose of reading into a later act whole sections of former acts when there was no intimation of such an intent on the part of the legislature.”
 

 Section 13067, General Code, is clear and unambiguous. Its significance is not doubtful. The General
 
 *27
 
 Assembly has nowhere indicated an intent to add the exceptions in Sections 13063 and 13064, General Code, to Section 13067, General Code. Section 13067, General Code, has been the law of this state for many years and is consistent with the constitutional provision (Section 6, Article XV) prohibiting lotteries. It is worthy to note that Section 13067, General Code, is followed by Section 13068, General Code, which provides:
 

 “A person violating any provision of the next preceding section shall be liable to prosecution in each county where such publication was circulated by him. ’ ’
 

 The Court of Common Pleas had jurisdiction of the instant case under Section 13422-5, General Code, which reads:
 

 “The Court of Common Pleas shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the Court of Common Pleas.”
 

 Section 13437-34, General Code, provides:
 

 “Prosecutions for misdemeanor may be instituted by the prosecuting attorney of the county by affidavit or such other method as may be provided by law in such courts as have original jurisdiction in misdemeanors. The provisions of law as to form and sufficiency, amendments, objections and exceptions to indictments and as to the service thereof shall apply to such affidavits and warrants issued thereon.”
 

 Section 13437-1, General Code, provides:
 

 “All provisions of the law applying to prosecutions upon indictments, the process thereon and the issuing and service thereof, to commitments, bails, motions, pleadings, trials, appeals and punishments, or the execution of any sentence and all other proceedings in cases of indictments whether in the court of origina)
 
 *28
 
 .or appellate jurisdiction, shall, so far as applicable, :be applied to informations and all prosecutions and .proceedings thereon.”
 

 Summarizing, we hold that there is no provision in •our statutes pertaining to criminal matters authorizing the prosecution of appellant as an entity. We do not mean it to be inferred that we are holding that •.any member or members of appellant may not be prose•cuted under Section 13067, General Code. .The rule ■of
 
 in pari materia
 
 is not applicable in this case.
 

 Therefore, the overruling of the motion to quash, the overruling of the demurrer to the information, the overruling of appellant’s motion for a directed verdict • of not guilty, the overruling of appellant’s motion that it be dismissed and discharged on the ground that the facts stated in the information do not constitute an' •offense under the laws of Ohio, the overruling of ap•pellant’s motion to arrest judgment, and the overruling of the motion for new trial were each and all erroneous.
 

 Wherefore, it is the judgment of this court that the judgment .of the Court of Appeals should be and hereby is reversed and that appellant should go hence without day.
 

 Judgment reversed.
 

 Matthias, Zimmerman, Stewart and Taet, JJ., «concur.