Hart, J.
The plaintiff claims that under the applicable statutes the Euclid Municipal Court has county-wide original jurisdiction in all civil actions for the recovery of money only, “in those cases where the amount claimed by any party * * * does not exceed two thousand dollars”; and that the court has, in this case, jurisdiction of the person of the defendant who was served with summons by mail within Cuyahoga County but beyond the territorial limits of the court. The defendant denies that the court has such *223 county-wide jurisdiction under the circumstances of the case.
The solution of this problem requires an examination of the applicable statutes conferring the jurisdiction of the Euclid Municipal Court.
Section 1581, General Code (Section 1901.01, Revised Code), establishes by name a number of Municipal Courts in municipal corporations in the state of Ohio, six of which courts are located in municipal corporations in Cuyahoga County. These are the Cleveland, Euclid, South Euclid, Parma, Lakewood and Garfield Heights Municipal Courts. None of these courts are in the list of Municipal Courts in Section 1582, General Code (Section 1901.02, Revised Code), wherein territorial jurisdiction of the courts is extended beyond the limits of the municipal corporation for which each is created. Under the provisions of these sections of the Code, the territorial jurisdiction of the Euclid Municipal Court does not extend beyond the territorial limits of the municipal corporation of Euclid.
Section 1582, General Code, provides:
“The Municipal Courts, established by Section 1581 of the General Code, shall have jurisdiction within the corporate limits of their respective municipal corporations and are courts of record.” (Italics supplied.)
Following this provision, Section 1582, General Code, names each separate Municipal Court in the state which is given county-wide jurisdiction or jurisdiction outside the boundaries of the corporation for which it is named. Euclid Municipal Court is not so listed.
Section 1583, General Code (Section 1901.03, Revised Code), defines the term, “territory,” as used in the Municipal Court Act, as follows:
“ ‘Territory’ as used in Sections 1584 to 1617, inclusive, of the General Code, means the geographical areas within which Municipal Courts have jurisdiction as provided in Sections 1581 and 1582 of the General Code.”
*224 The pertinent parts of Section 1595, General Code (Section 1901.19, Revised Code), are as follows:
“Subject to Section 1593 of the General Code [which fixes the monetary jurisdiction of Municipal Courts at $2,000, except that of the Cleveland Municipal Court, which is $5,000], a Municipal Court shall have jurisdiction within the limits of the county or counties in which its territory is situated:
“(A) To compel attendance of witnesses in any pending action or proceeding, the same as the Court of Common Pleas;
Í C # * #
“(D) In any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the territory or when the defendant or some one of the defendants resides or is served with summons within the territory;
“ (E) In any civil action or proceeding of whatever nature or remedy wherein justices of the peace now have or may hereafter be given jurisdiction coextensive with the county; and in all civil actions for the recovery of money only where the amount claimed by the plaintiff exceeds the exclusive jurisdiction of justices of the peace;
“(F) To issue and enforce any order of attachment;
“(G) In any action or proceeding in the nature of creditors’ bills, and in aid of execution to subject the interest of a judgment debtor in personal property to the payment of a judgment of the court;
“(H) In any action for injury to person or property caused by the negligent operation of a motor vehicle, as provided by Sections 6308 and 6308-1 of the General Code.” (Italics supplied.)
Subdivision (E) of the foregoing-quoted section gives rise to the controversy in the instant case. The first clause of subdivision (E) confers jurisdiction on *225 the Euclid Municipal Court, as well as on other Municipal Courts, to hear and determine actions which justices of the peace may hear and determine pursuant to Section 10224, General Code (Section 1909.02, Revised Code), which latter section gives justices of the peace jurisdiction within and coextensive with their respective counties to hear certain types of civil actions and to perform other specific functions, i. e., to administer oaths, to take acknowledgments, to solemnize marriages, to issue subpoenas for witnesses, to try actions in forcible entry and detainer (except in Cuyahoga, Mahoning and Franklin Counties where jurisdiction in such cases is limited to the townships from which justices of the peace are elected), to proceed against security for costs and bail, to issue attachments (except in Cuyahoga, Mahoning and Franklin Counties where jurisdiction to issue attachments is coextensive only with the townships from which justices of the peace are elected), to issue executions on certain judgments against constables, to proceed against constables failing to make a return, making a false return or failing to pay over money collected, to try the right of a claimant to property taken in execution or attachment, to act in the absence of the probate judge in the trial of contested elections of justices of the peace, and to try actions against other justices of the peace for refusing to pay over moneys collected in their official capacity, not in excess of $100.
The sole jurisdictional question in this case is whether the second clause of subdivision (E), above quoted and italicized, gives the Euclid Municipal Court county-wide jurisdiction in civil actions for money only, where the amount claimed is not in excess of $2,000 and is in excess of $100, the maximum exclusive jurisdiction of justices of the peace in the various townships of Cuyahoga County. There are four Municipal Courts within the state of Ohio to which the *226 provisions of Section 1595, General Code, unquestionably may apply. They are the Cambridge, Coshocton, Marion and Mt. Yernon Municipal Courts, each of which has county-wide jurisdiction. There would be no difficulty or conflict if the statute read, “in all civil actions for the recovery of money only, where the territorial jurisdiction of the court is county-wide and where the amount claimed by the plaintiff exceeds the exclusive jurisdiction of justices of the peace.”
To construe this portion of the statute to mean that each Municipal Court has county-wide jurisdiction in those actions, if they do not have county-wide jurisdiction by express provision of the statute, would create an intolerable situation in each of the various counties of the state having one or more Municipal Courts. If Section 1595, General Code, gives each Municipal Court in one county county-wide jurisdiction in all civil actions for money only up to $2,000, each such court would have concurrent county-wide jurisdiction in all civil actions for money only, not only with the Common Pleas Court of such county but with each of the Municipal Courts of the county, so long as the amount of the judgment sought did not exceed $2,000. In such case, a defendant could be required to submit to the jurisdiction of any Municipal Court in the county as well as the Common Pleas Court of that county — in' Cuyahoga County to a total of seven jurisdictions — on the same cause of action even though neither he nor any codefendant resided within the territory of the Municipal Court exercising jurisdiction. No service of summons within the territory of any Municipal Court wherein the action was brought would be necessary if plaintiff’s position were upheld.
It is to be noted that Section 1582, General Code, confers the territorial jurisdiction of certain Municipal Courts in the state, including those whieh have *227 county-wide jurisdiction, and, in the absence of the provisions of subdivision (E) of Section 1595, General Code, by inescapable inference, Municipal Courts, not specifically named as having such county-wide jurisdiction, are excluded from that category. The rule of expressio unius est exclusio alterius applies.
On the other hand, Section 1595, General Code, is a statute of general terms attempting to describe the exceptional instances in which Municipal Courts have county-wide jurisdiction and, therefore, must be strictly construed, and, in case of conflict with a specific statute on the same subject, the latter must control. 37 Ohio Jurisprudence, 409 and 415, Sections T50 and 154; Andrianos v. Community Traction Co., 155 Ohio St., 47, 97 N. E. (2d), 549; Acme Engineering Co. v. Jones, Admr., 150 Ohio St., 423, 83 N. E. (2d), 202; Pilgrim Distributing Corp. v. Galsworthy, Inc., 148 Ohio St., 567, 76 N. E. (2d), 382.
The provisions of another section of the Municipal Court Act lend aid to the solution of the problem now before the court. Section 1603, General Code (Section 1901.23, Revised Code), relating to the issuance of summons or writs of process from Municipal Courts of the state, among other things, provides:
“In any civil action or proceeding of law in which the subject matter of the action or proceeding is located within the territory or a defendant resides or is served with summons within said territory, the court may issue summons, orders of interpleader, all other writs, and mesne and final process including executions necessary or proper for the complete adjudication of the issues and determination of the action, to 'the bailiff for service in the county or counties in which the court is situated and to the sheriff of any other county against one or more of the remaining defendants.” (Italics supplied.)
*228 It will be noted that nnder the limitations of this section of the Code there is no statutory authority for the issuance of a summons in the instant case.
As we view it, the Euclid Municipal Court did not acquire jurisdiction over the person of the defendant as no valid service was made upon him within the territorial limits of the court. The motion to quash the service of summons should have been sustained.
The plaintiff claims that the defendant’s motion to make the petition definite and certain following his motion to quash summons had the legal effect of entering defendant’s appearance in the action and gave the court jurisdiction over him to render judgment. The plaintiff cites in support of his position the case of State v. Fremont Lodge of Loyal Order of Moose, 151 Ohio St., 19, 84 N. E. (2d), 498, wherein this court held:
“Where a defendant files a motion to quash in which objection is made not only to the court’s jurisdiction over his person but to the merits of the case, his entry of appearance is thereby accomplished.”
It will be noted, however, that in that case the defendant pleaded to the merits of the case simultaneously with his motion to quash. This result does not obtain where the defendant, in the first instance, enters his appearance solely for the purpose of attacking the jurisdiction of the court over his person. If the motion is overruled, he may then plead to the merits and continue to protest to the court’s jurisdiction. Glass v. McCullough Transfer Co., 159 Ohio St., 505, 112 N. E. (2d), 823.
When the trial court overruled defendant’s motion to quash he had the right to defend the action, since the overruling of the motion to quash is not an appeal-able order. 2 Ohio Jurisprudence (2d), 610, Section 43.
*229 Lastly, the plaintiff claims the Court of Appeals erred in rendering final judgment in favor of the defendant, as it deprived him of the right to sue the defendant in another court on the same cause of action.
The judgment entry of the Court of Appeals reads:
“ * * * the judgment of said Euclid Municipal Court is reversed and final judgment is hereby rendered for the defendant for the reason that the Euclid Municipal Court erred in not sustaining the motion- to quash which was filed by the defendant in said court for the reason that said Euclid Municipal Court at no time obtained jurisdiction over the person of the defendant. ’ ’
It is apparent from this entry that the judgment sf the Court of Appeals did not go to the merits but simply reversed the judgment of the Euclid Municipal Court because it had no jurisdiction to render it. Only a judgment on the merits can be res judicata. 23 Ohio Jurisprudence, 993, Section 764.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Bell and Taet, JJ., concur.
Matthias, J., dissents.