THE STATE OF OHIO, APPELLANT, *v.* HARRIS, APPELLEE.

(No. C-810655—Decided
August 4, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for appellant.

*Mr. Timothy A. Smith* and *Ms. Janet T. Rose,* for appellee.

BLACK, J. The single question in this appeal is whether a person convicted of theft in office in violation of R.C. 2921.41[1] is entitled to have the record of his conviction sealed under R.C. 2953.31 through 2953.36.

Defendant-appellee, Robert A. Harris, pleaded guilty to theft in office of $122, and on January 8, 1976, he was placed on probation for two years under a suspended sentence. He was duly discharged from probation and restored to his rights of citizenship at the end of the two-year period. Three years later, he applied under R.C. 2953.32[2] to the sentencing court for the sealing of the record of his conviction, concurrently "requesting" the release of this record to any public agency of the state or any public subdivision thereof upon their request for information about him with respect to his application for public office, employment

---

[1] R.C. 2921.41 reads in full as follows:

"(A) No public official or party official shall commit any theft offense, when either of the following applies:

"(1) The offender uses his office, or permits, or assents to its use, in aid of committing the offense;

"(2) The property or service involved is owned by this or any other state or the United States, a municipality, or any political subdivision, department, or agency of any of them, or by a political party, or is part of a political campaign fund.

"(B) Whoever violates this section is guilty of theft in office, a felony of the third degree.

"(C) A public servant or party official who is convicted of theft in office is forever disqualified from holding any public office, employment, or position of trust in this state."

[2] We note only the following parts of R.C. 2953.32 as those parts most significant to our decision:

"(A) A first offender may apply to the sentencing court if convicted in the state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction, *at the expiration of*

*three years after his final discharge* if convicted of a felony, or at the expiration of one year after his final discharge if convicted of a misdemeanor.

"* * *

"(C) If the court finds that the applicant is a first offender, that there is no criminal proceeding against him, that his rehabilitation has been attained to the satisfaction of the court, and *that the sealing of the record of his conviction is consistent with the public interest,* the court shall order all official records pertaining to the case sealed and, except as provided in division (F) of this section, all index references to the case deleted. The proceedings in the case shall be deemed not to have occurred and the conviction of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code. * * *" (Emphasis added.)

While the effective action is a *sealing* of records, the common reference is to *expungement.*

or position of trust.[3] The prosecuting attorney opposed the application.

On oral representation made in open court, the trial court stated that the defendant was thirty years old with "good potential," to whom many avenues of productive employment would be arbitrarily closed if the conviction remained on the public record. The court found that the application met the four requirements of R.C. 2953.32(C): the defendant was a first offender, there was no current criminal proceeding against him, his rehabilitation had been satisfactorily attained, and the sealing was "consistent with the public interest." The sealing was ordered, subject to the exceptions set forth in R.C. 2953.32 and subject to the consensual right to inspect in connection with any future application for public office, employment or position of trust.

The state appealed seeking reversal.[4] We find merit in the state's single assignment of error. Reading R.C. 2921.41 and R.C. 2953.31 et seq. in pari materia, we conclude that the legislature intended to deny expungement to persons convicted of theft in office without exception.[5]

---

[3] The "request" reads in full as follows:

"Now comes the Applicant, Robert A. Harris, by and through counsel, and requests this court to release the record of conviction in the above numbered case to any department, agency, or other instrumentality of the government of the State of Ohio, or any political subdivision thereof, where such department, agency or instrumentality requests such information in regard to an application for employment by Robert A. Harris for any public office, employment, or position of trust in this state, whenever said request is made."

It was designed to comply with R.C. 2953.32(D)(2), which reads as follows:

"(D) Inspection of the sealed records included in the order may be made only by the following persons or for the following purposes:

"* * *

"(2) Upon application by the person who is the subject of the records, by the persons named in his application."

We neither reach nor decide the question whether the "request" contemplated by the statute may be a blanket release given in advance of the sealing, thus substantially changing the conditions governing expungement as set forth in the pertinent statutes, R.C. 2953.31 through R.C. 2953.36. For purposes of disposing of this appeal, we assume the "request" was effective.

[4] Prior to oral argument, defendant-appellee moved this court to dismiss the appeal on the grounds that we have no jurisdiction over it. On March 22, 1982, we overruled the motion to dismiss. We disregard appellee's "assignment of error" seeking to raise the same issue because it has already been decided by this court.

[5] We come to this conclusion despite several arguments to the contrary. In addition to the trial court's reasoning, we note two of these arguments. First, theft in office is not among the offenses specifically excluded from expungement by R.C. 2953.36; the *offenders* not qualified for expungement are those not eligible for probation and those who violate certain motor vehicle offenses. The pertinent statutes, however, are silent on whether as a blanket rule, the *offense* of theft in office is excluded from expungement. Second, R.C. 2953.31 et seq. are designed to "provide remedial relief to qualified offenders in order to facilitate the prompt transition of these individuals into meaningful and productive roles." *Barker* v. *State* (1980), 62 Ohio St. 2d 35, 41 [16 O.O.3d 22]. The procedure should receive careful consideration, because it is designed to remove an isolated, single blemish on a person's record. As an illustration of the favor extended to expungement, the Supreme Court has held that Ohio courts have equitable power to grant expungement of a criminal proceeding in which the charge was dismissed with prejudice prior to trial by the party initiating the proceeding, using a balancing test to weigh the privacy interest of the accused against the government's need to maintain records of criminal proceedings. *Pepper Pike* v. *Doe* (1981), 66 Ohio St. 2d 374 [20 O.O.3d 334]. The decision was emphatically based on the applicant's constitutional right to privacy, balanced against the government's need for records. No claim of a judicial expungement is made in the instant case. We believe it would

We derive this conclusion from the clear and unequivocal disqualification of a public servant convicted of theft in office from further public employment. It is a perpetual disqualification. This penalty is visited on the heads of those who violate the public trust, as a matter of policy. R.C. 2921.41(C) is a declaration of what is "the public interest."[6] It cannot be modified or eliminated by judicial override. Therefore, expungement of a conviction of theft in office can never be "consistent with the public interest"; the fourth requirement under R.C. 2953.32(C) can never be satisfied.[7] We believe that the error of the trial court lay in treating this requirement (consistency with the public interest) as being determinable on a case by case basis depending on the facts and circumstances surrounding each offender. We cannot agree that is the legislative intent when the applicant is convicted of theft in office.

The judgment ordering the sealing of defendant's conviction of theft in office is reversed and held for naught.

*Judgment reversed.*

SHANNON, P.J., and KEEFE, J., concur.

---

fail for the same reasons that statutory expungement fails.

[6] In addition to the reasoning set forth in the body of the opinion, we note a provision in the expungement statutes that is inconsistent with disqualification for future public office or employment. This is found in R.C. 2953.33(A), which provides that the sealing of a conviction automatically restores the defendant to "all rights and privileges not otherwise restored." This would restore a theft in office offender to the right to hold public office, employment or position of trust.

[7] The state argues that this defendant had no standing to apply for expungement, because in the case of a theft in office offender, there can never be a "final discharge," as required by R.C. 2953.32(A). See fn. 2 above. He cannot be finally discharged because he suffers a perpetual disqualification. The argument is not persuasive, because the phrase "at the expiration of three years after his final discharge" is merely a reference to the allowable time within which to file an expungement application. We do not interpret it as being one of the conditions of substance that must be met to make an offender eligible for expungement. "Final discharge," we believe, refers to termination of sentence or probation or final release on parole.