THE STATE OF OHIO, APPELLANT, *v.* KRUTZ, APPELLEE.

[Cite as State *v.* Krutz (1986), 28 Ohio St. 3d 36.]

(No. 86-110—Decided December 19, 1986.)

*John J. Plough,* prosecuting attorney, for appellant.
*Burdon & Merlitti* and *James L. Burdon,* for appellee.

HOLMES, J. The sole issue before us is whether a violation of R.C. 2921.41, theft in office, is a theft offense under R.C. 2913.02 subject to the requirement of R.C. 2913.61(C) to try all such offenses as a single offense. For the reasons which follow, we find that it is not and reverse the judgment below.

R.C. 2913.61(C) provides:

"When a series of offenses under section 2913.02 of the Revised Code is committed by the offender in his same employment, capacity, or relationship to another, all such offenses shall be tried as a single offense, and the value of the property or services involved * * * is the aggregate value of all property and services involved in all offenses in the series. In prosecuting a single offense under this division, it is not necessary to separately allege and prove each offense in the series. It is sufficient to allege and prove that the offender, within a given span of time, committed one or more theft offenses in his same employment, capacity, or relationship to another."

Our concern is what constitutes a "series of offenses under section 2913.02." R.C. 2913.02 simply defines "theft," *i.e.,* depriving an owner of property or services without the owner's consent.[2] That section makes no mention of the theft in office statute, R.C. 2921.41. However, appellee in effect argues that R.C. 2913.61 and 2913.02 must be read *in pari materia* with R.C. 2913.01(K)(1), which defines a theft offense as "[a] violation of section 2911.01 * * * or 2921.41 of the Revised Code." This argument ignores the fact that the *in pari materia* rule of statutory construction applies "only where the statute to be construed is ambiguous or the

---

[2] R.C. 2913.02 provides in full:

"(A)  No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

"(1)  Without the consent of the owner or person authorized to give consent;

"(2)  Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3)  By deception;

"(4)  By threat.

"(B)  Whoever violates this section is guilty of theft. If the value of the property or services stolen is less than three hundred dollars, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is three hundred dollars or more and is less than five thousand dollars, or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, or if the offender has previously been convicted of a theft offense, a violation of this section is theft, a felony of the fourth degree. If the value of the property or services stolen is five thousand dollars or more, or if the offender has previously been convicted of two or more theft offenses, a violation of this section is grand theft, a felony of the third degree. If the property stolen is a motor vehicle, as defined in section 4501.01 of the Revised Code, * * * a violation of this section is grand theft of a motor vehicle * * *, a felony of the third degree."

significance of its terms doubtful." *Morris* v. *Kaiser Engineers, Inc.* (1984), 14 Ohio St. 3d 45, 47, citing *State* v. *Fremont Lodge of Loyal Order of Moose* (1949), 151 Ohio St. 19 [38 O.O. 506], paragraph nine of the syllabus. Courts do not have the authority to ignore the plain and unambiguous language in a statute in the guise of statutory interpretation, *Bd. of Edn.* v. *Fulton Cty. Budget Comm.* (1975), 41 Ohio St. 2d 147, 156 [70 O.O.2d 300], especially when application of the rule of construction would be contrary to the clearly manifested intent of the legislature, *Fremont Lodge, supra,* at paragraph nine of the syllabus; *Volan* v. *Keller* (1969), 20 Ohio App. 2d 204, 206 [49 O.O.2d 286].

A reading of R.C. 2913.61(C) clearly indicates that only offenses under R.C. 2913.02 must be tried together when committed in the same employment, capacity, or relationship to another; the statute does not say "all theft offenses," but merely "* * * a series of offenses under section 2913.02." In addition to the plain language of R.C. 2913.61(C), it is clear that any interpretation requiring the phrase "offenses under section 2913.02" to include violations of R.C. 2921.41, theft in office, would be contrary to the clearly manifested intent of the legislature, prohibited by *Fremont Lodge, supra.*

It is clear that R.C. Chapter 2913 proscribes theft and fraud offenses, while R.C. Chapter 2921 addresses offenses of public officials which tend to subvert the processes of democratic government. See Committee Comment to Am. Sub. H.B. No. 511. The Committee Comment to R.C. Chapter 2913 and R.C. 2913.61, respectively, specify that the chapter addresses "the basic theft offense" and the statute merely contains "rules for prosecuting as a single offense a series of theft offenses amounting to embezzlement, and gives detailed criteria for determining the value of stolen property or services" when value is an element. Although value is not always an element of violations of R.C. 2913.02, *i.e.*, when there is a theft and one or more prior theft offenses, value is never an element of violations of R.C. 2921.41. Any theft in office, no matter how small the value of the item stolen, is a third-degree felony, subject to the punishment applicable to third-degree felonies.

R.C. Chapter 2921 also has two additional requirements not found in R.C. Chapter 2913: (1) that the thief be a public official and (2) that he use his office to commit or facilitate commission of that theft or that the property or services involved be owned by the government. R.C. 2921.41(A). Thus, while thievery is regulated by both chapters, R.C. Chapter 2921

---

[3] R.C. 2921.41 provides in part:

"(B) Whoever violates this section is guilty of theft in office, a felony of the third degree.

"(C)(1) A public official or party official who is convicted of, or pleads guilty to, theft in office is forever disqualified from holding any public office, employment, or position of trust in this state."

adds these requirements in order to serve a separate purpose—more stringent punishment of, and protection of the public from, those who abuse and corrupt public offices.[3]

In sum, we feel there is no need to read R.C. 2913.02, 2913.61(C), and 2921.41 *in pari materia* due to the unambiguous language of R.C. 2913.61(C). In enacting R.C. 2921.41, the Ohio General Assembly expressed the intent that theft in office by a public official or party official is of great public concern and to be dealt with separately. Additionally, the rule of statutory construction in which the specific or special statute controls over a general statutory provision covering the same and other subjects in general terms, *State, ex rel. Kerns*, v. *Rindsfoos* (1954), 161 Ohio St. 60, 66 [53 O.O. 2], would require the "public official thief" to be dealt with under R.C. 2921.41 rather than under the general thief provisions of R.C. 2913.02 and 2913.61(C). Accordingly, theft in office offenses, as defined in R.C. 2921.41, are not "theft offenses" which must be tried as a single offense under R.C. 2913.61(C).

Appellee argues that the phrase "offenses committed under section 2913.02" in R.C. 2913.61(C) means all theft offenses committed, whether or not charged in the indictment. We take this argument to mean that the state should not be allowed to charge a "non-R.C. 2913.02" offense in an indictment as a subterfuge to escape the mandate of R.C. 2913.61(C) to try a series of R.C. 2913.02 offenses as one offense. Our response to such an argument is that R.C. 2921.41 offenses, as we previously stated, require the establishment of more elements than R.C. 2913.02 offenses require, and, where the evidence fails to establish such further elements—that the thief is a public official who either used his office to commit the offense or who stole government property—the provisions of R.C. 2913.61(C) may apply under the general rule that the charges must conform to the evidence.

Here, however, the evidence clearly establishes, and appellee does not dispute, that he was a public official who was issued a VISA card and was authorized to use a checking account in his official capacity. Thus, the indictment properly charged appellee with forty-nine counts of theft in office for allegedly making forty-nine unauthorized purchases with such card and checking account. The dismissal of forty-eight counts was contrary to law and the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

*Judgment reversed
and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.