## State v. Wells
### [Cite as 8 AOA 413]

Case No. 57767
Cuyahoga County, (8th)
Decided December 13, 1990

*John T. Corrigan, Prosecuting Attorney of Cuyahoga County and Edward M. Walsh, Assistant, The Justice Center, 1200 Ontario, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*James R. Willis, Suite 610, Bond Court Bldg., 1300 East Ninth Street, Cleveland, Ohio 44114, for Defendant-Appellant.*

PARRINO, J.

Defendant, John Wells, was indicted by the Cuyahoga County Grand Jury in case number 216103 on two counts, *viz.*, violation of R.C. 2921.41, theft in office, and violation of R.C. 2913.51, receiving stolen property, to wit, trees and shrubbery. The state further filed a bill of particulars which indicated count one included trees, shrubs, landscape materials, topsoil, and City of Cleveland equipment and labor. At the close of the state's case at trial, defendant moved for acquittal pursuant to Crim. R. 29. The court granted defendant's Crim. R. 29 motion with respect to count two, but overruled the motion on count one. At the close of trial, the jury found defendant guilty on the remaining count of theft in office. On May 1, 1989, defendant was sentenced for a term of six months and a fine of $1,000.00. The incarceration and $250.00 of the fine were suspended on conditions, viz.:

(1) two years probation;

(2) pay restitution of $150.00;

(3) pay balance of fine of $750.00; and

(4) defendant is barred from holding public office. Defendant filed a timely notice of appeal.

The following facts were adduced at trial:

"Defendant was employed by the city of Cleveland as deputy commissioner of Urban Forestry. Working for defendant as a manager of Urban Forestry was Thomas Robinson. Defendant approached Robinson for advice concerning landscaping at defendant's personal residence. Robinson gave defendant ideas for landscaping his yard, further, he went with defendant's wife to a Lake County nursery to select plants. The order for trees and shrubs was shipped to East 88th Street where the Urban Forestry division was located. The reason for the shipment to this location is uncertain. No payment has been made by any party including the city for the trees. Defendant was told by his supervisor to remove the trees and shrubs from this location because they could not be kept on city property. The trees, shrubs, and a mixture of sand, manure and topsoil were delivered to defendant's home by city employees, however, they used private vehicles. Robinson testified that topsoil is valued anywhere from $25 - $45 per ton."

At the close of the state's case the court dismissed count two, receiving stolen property, because the trees and shrubs were "never the property of the City of Cleveland, nor were they the subject matter of any theft offense with Lake County Nursery."

Defendant's first and third assignments of error follow:

"I. THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL MADE AT THE CLOSE OF ALL THE EVIDENCE.

"III. SINCE PROOF OF THE CRIME FOR WHICH THE ACCUSED WAS ACQUITTED WAS ALSO AN ESSENTIAL ELEMENT OF THE CRIME FOR WHICH HE WAS CONVICTED (HERE THE THEFT OF THE 'TREES AND SHRUBBERY'), THE GUILTY VERDICT RENDERED DESPITE SUCH FACTS MUST BE REGARDED AS INVALID; HENCE, A DUE PROCESS VIOLATION.

Defendant's first and third assignments of error lack merit.

Defendant contends there was insufficient evidence to convict him of theft in office. Defendant argues that all of the elements of the crime for which he was charged were not proven at trial. Defendant further argues his conviction was violative of his due process rights. Defendant's argument is unpersuasive.

Defendant was charged with violating R.C. 2921.41, which provides in relevant part as follows:

"(A) No public official *** shall commit any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, when either of the following applies:

"(1) The offender uses his office in aid of committing the offense, or permits or assents to its use in aid of committing the offense;

"(2) The property or service involved is owned by this or any other state or the United States, a county, municipal corporation, or township, or any political subdivision, department, or agency of any of them, or is owned by a political party, or is part of a political campaign fund."

R.C. 2913.01(K) defines theft offenses as follows:

"(K) "Theft offense" means any of the following:

"(1) A violation of section 2911.01, 2911.02, 2911.11, 2911.12, 2911.13, 2911.31, 2911.32, 2913.02, 2913.03, 2913. 04, 2913.11, 2913.21, 2913.31, 2913.32, 2913.33, 2913.40, 2913.41, 2913.42, 2913.43, 2913.44, 2913.45, former section 2913.47 or 2913.48, or section 2913.51, 2913.81, 2915.05, 2915.06, or 2921.41 of the Revised Code;

"(2) A violation of an existing or former municipal ordinance or law of this or any other state or the United States substantially equivalent to any section listed in division (K)(1) of this section;

"(3) An offense under an existing or former municipal ordinance or law of this or any other state or the Unit States involving robbery, burglary, breaking and entering, theft, embezzlement, wrongful conversion, forgery, counterfeiting, deceit, or fraud;

"(4) A conspiracy or attempt to commit, or complicity in committing any offense under division (K)(1), (2), or (3) of this section."

Accordingly, when a defendant is being charged under R.C. 2921.41, it is incumbent on the state to also prove an underlying "theft offense." In the case *sub judice*, the state, in its Bill of Particulars, indicated the theft offense on count one was "theft". The trial court's charge to the jury included an instruction on R.C. 2913.02, theft.

Since the underlying charge against defendant was violating R.C. 2913.02, theft, *to wit,* topsoil, equipment and labor, there is sufficient evidence to convict defendant.

R.C. 2913.02 provides in relevant part as follows:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception;

"(4) By threat."

The Ohio Supreme Court has held as follows:

"The standard for determining whether a motion for acquittal is properly denied is set forth in *State v. Bridgeman* (1978), 55 Ohio St. 261, 9 O.O. 3d 401, N.E. 2d 184, syllabus, as follows:

"'Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.'

"A motion for judgment of acquittal under Crim. R. 29(A) should be granted only where reasonable minds could not fail to find reasonable doubt. *State v. Bridgeman, supra; State v. Martin* (1985), 19 Ohio St. 3d 12, 13, 19 OBR 330, 337, 483 N.E. 2d 1157, 1165." *State v. Apanovich* (1987), 33 Ohio St. 3d 19, 23.

The evidence shows that at least two deliveries were made from the Division of Urban Forestry to defendant's home by employees of the City of Cleveland. Shrubs and trees were delivered on the first trip. A week or two later a second delivery was made which consisted of a mixture of sand, manure and topsoil. Angelo Fenos testified that after he had a conversation with defendant he prepared this mixture and it was delivered to defendant's home. When these deliveries were made defendant personally helped unload the truck and thereafter spread the mixture on his property. Defendant testified he understood that a mixture of decomposed wood chips, sand and manure were delivered to his home. However, Angelo Fenos testified that the mixture did not contain decomposed wood chips but did contain topsoil. Upon consideration of the totality of the evidence in this case it can be clearly inferred that the defendant knowingly obtained or exerted control over the topsoil as recited in the Bill of Particulars. Furthermore, the record indicates the topsoil belonged to the city of Cleveland and no consent was ever authorized for defendant to use any. Therefore, the prosecution provided evidence as to each element of the crime, hence, since reasonable minds could conclude each material element of the crime had been proved defendant was not convicted based upon insufficient evidence.

Accordingly, defendant's first and third assignments of error are not well taken and overruled.

Defendant's second assignment of error follows:

"II. THE ACCUSED WAS DENIED DUE PROCESS WHEN ALTERNATIVE THEORIES OF POSSIBLE GUILT WERE SUBMITTED TO THE JURY UNDER INSTRUCTIONS WHICH HAD THE UNAVOIDABLE EFFECT OF EXPOSING HIM TO BEING CONVICTED ON THE BASIS OF LESS THAN THE UNANIMOUS CONCURRENCE OF ALL OF THE JURORS ON A PARTICULAR THEORY."

Defendant's second assignment of error lacks merit.

Defendant contends the trial court erred in allowing the jury to convict defendant on alternate theories of guilt. Defendant argues the jury was able to convict defendant if either (1) he used his office to commit a theft offense or (2) the property involved in the theft offense belonged to the City of Cleveland. Defendant's argument is unpersuasive.

R.C. 2941.28 provides in relevant part as follows:

"No indictment or information shall be quashed, set aside, or dismissed for any of the following defects:
"(A) That there is a misjoinder of the parties accused;
"(B) That there is a misjoinder of the offenses charged in the indictment or information, *orduplicity* therein;
"(C) That any uncertainty exists therein.
"If the court is of the opinion that either defect referred to in division (A) or (B) of this section exists in any indictment or information, it may sever such indictment or information into separate indictments or informations or into separate counts." (Emphasis added.) R.C. 2941.29 provides as follows:

"No indictment or information shall be quashed, set aside, or dismissed, or motion to quash be sustained, or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made *prior to the commencement of the trial,* or at such time thereafter as the court permits." (Emphasis added.)

In the case *sub judice,* defendant did not raise any objection to the indictment until the jury was charged. At that point, the court determined that an additional instruction would "interject an unwarranted emphasis" on either of the possibilities. Since defendant failed to object to the indictment in a timely fashion, he cannot now complain the indictment was duplicitous. *State v. Roquemore* (Apr. 2, 1987), Cuyahoga App. No. 51992, unreported. Furthermore, a general unanimity instruction was given to the jury stating, "the entire 12 jurors must agree on [the] verdict." Therefore, it cannot be said defen-

dant was denied due process of law by being convicted on a less than unanimous verdict.

Accordingly, defendant's second assignment of error is not well taken and overruled.

Defendant's fourth assignment of error follows:

"IV. IN A 'THEFT IN OFFICE' PROSECUTION WHEREIN IT IS CONTENDED THAT THE CITY (OR ANY OTHER GOVERNMENTAL ENTITY, FOR THAT MATTER) IS THE OWNER OF THE SUBJECT PROPERTY, PROOF OF SUCH OWNERSHIP IS AN ESSENTIAL AND MATERIAL FACT THAT MUST BE SPECIFICALLY ESTABLISHED. SINCE THAT DID NOT OCCUR HERE THE GUILTY VERDICT IN THIS CASE IS CONSTITUTIONALLY INVALID."

Defendant's fourth assignment of error lacks merit.

Defendant contends there was insufficient evidence to support a finding that the property stolen belonged to the City of Cleveland. Defendant argues the property alleged to be stolen *in the indictment* was not the property of the city. Defendant's argument is unpersuasive.

To the extent defendant's argument involves the sufficiency of the "theft" element, this issue was discussed under defendant's first and third assignments of error, *supra.* Concerning the property listed as stolen, it was conceded at trial the trees and shrubs never belonged to the City of Cleveland. That is precisely the reason that count two, receiving stolen property, was dismissed pursuant to Crim. R. 29.

Count one, however, reads as follows:

"The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, Do find and present, that the above named Defendant(s) on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully and purposely being a public official, did commit a theft offense, the said John Wells having used his office or permitted or assented to its use in aid of committing the offense and/or the property or services involved being owned by the municipality of Cleveland, in violation of Section 2921.41 of the Ohio Revised Code, ***."

This was supplemented by a "Bill of Particulars" which indicated the "stolen" property included topsoil, landscape materials, equipment and labor. Sufficient evidence of ownership of these items was established at trial. See Assignments of Error one and three.

Furthermore, the Ohio Supreme Court has previously found as follows:

"R.C. Chapter 2921 also has two additional requirements not found in R.C. Chapter 913: (1) that the thief be a public official and (2) that he use his office to commit *or* facilitate commission of that theft *or* that the property or services involved be owned by the government. R.C. 2921.41(A). Thus, while thievery is regulated by both chapters, R.C. Chapter 2921 adds these requirements in order to serve a separate purpose -- more stringent punishment of, and protection of the public from, those who abuse and corrupt public offices." *State v. Korutz* (1986), 28 Ohio St. 3d 36, 38. (Emphasis added.)

There is no requirement the property be owned by the City of Cleveland. Defendant may be convicted by proving he used his office to commit a "theft" offense without establishing the city's ownership. Hence, it cannot be said the court erred by not finding the specific property as charged in the indictment was not used by the City of Cleveland.

Accordingly, defendant's fourth assignment of error is not well taken and overruled.

Judgment affirmed.

PATTON, C.J., and McMANAMON, J., concur.

Thomas J. Parrino, J., Retired, Eighth Appellate District, Sitting by Assignment.