OPINION
On November 19, 1993, the Trumbull County Grand Jury indicted appellant, Melvin Pentacost, on eight counts of theft in office, in violation of R.C. 2921.41(A)(1), a third degree felony. The indictment charged appellant for activities that occurred between July 1986 and May 11, 1987, while he was the director of the Trumbull County Joint Vocational School.
On November 29, 1993, appellant pleaded guilty to two counts of theft in office and the state dropped the other six counts. The counts to which appellant pleaded guilty both occurred on May 11, 1987. On February 15, 1994, the trial court sentenced appellant to two years of probation. On March 9, 1995, the trial court terminated appellant's probation and restored all of his citizenship rights. On March 11, 1997, appellant filed an application to have his record sealed and the record of his conviction expunged, pursuant to R.C. 2953.32. On April 11, 1997, the trial court overruled the application as untimely.
On May 27, 1999, after appellant's motion became timely, the trial court again overruled appellant's motion. In its judgment entry, the trial court wrote:
 "[R.C.] 2921.41(C)(1) states that a public official or party official who is convicted of or pleads guilty to theft in office, is forever disqualified from holding public office, employment, or position of trust in this state. Further, the case of State v. Harris (1982), 7 Ohio App.3d 258[, 455 N.E.2d 510], is directly on point with the matter currently before this court."
 On June 3, 1999, appellant filed a motion to reconsider. On June 23, 1999, appellant filed a notice of appeal. On July 12, 1999, the trial court overruled appellant's motion for reconsideration, citing State v. Krutz
(1986), 28 Ohio St.3d 36, 502 N.E.2d 210, and noted that appellant was not a "first offender" eligible to have his record expunged. We previously determined that any ruling by the trial court on appellant's motion for reconsideration would be a nullity; thus, we will not address that ruling in this appeal.
Appellant raises the following assignment of error:
 "The trial court erred to the prejudice of defendant-appellant by denying his motion and application for expungement of record of conviction."
 In his sole assignment of error, appellant asserts that the trial court erred by not ordering that the record of his conviction be sealed and expunged.
R.C. 2953.32 allows a first offender to apply to have the record of his conviction sealed. Upon such application, the trial court must determine whether: the applicant is a first offender; criminal proceedings are pending against the applicant; the applicant has been rehabilitated to the satisfaction of the court; the reasons against granting the application specified by the prosecutor in an objection, if filed, are sufficient to overrule the motion; and, the interests of the applicant in having the records pertaining to the applicant's conviction sealed outweigh the legitimate needs, if any, of the government to maintain those records. If the trial court is satisfied that all of these conditions are met, then it must order all official records pertaining to the case sealed. The trial court did not conduct such an analysis because it held that a conviction for theft in office could never be expunged.
In the Harris case, on which the trial court relied, the First Appellate District concluded that "the legislature intended to deny expungement to persons convicted of theft in office without exception." Id. at 260. However, the Supreme Court of Ohio, in a decision released subsequent to Harris, held that "a conviction of bribery in office under R.C. 2921.02(B) may be expunged pursuant to R.C. 2953.21 et seq." State v. Bissantz
(1988), 40 Ohio St.3d 112, 532 N.E.2d 126, paragraph one of the syllabus. Similar to theft in office, one convicted of bribery may not hold public office. In Bissantz, the Court wrote thatHarris was released prior to a change in R.C. 2953.32(C), which no longer requires that a trial court find that sealing of an applicant's record of conviction "is consistent with the public interest" before issuing an order to seal the record. It concluded that: the amended version placed a greater emphasis on the applicant's interest in having his record sealed; the government's need to maintain the records of convicted public officials did not outweigh the individual's interest in expungement in all cases; had the General Assembly intended to except bribery from the operation of R.C. 2953.32, it would have done so explicitly with the other exceptions in R.C. 2953.36; and, convictions for bribery could be expunged.
The logic from the Bissantz case is applicable to theft in office convictions, which, like bribery convictions, can be expunged. The trial court erred by ruling that theft in office convictions could not be expunged. Because of its ruling, the trial court never did the further analysis required by R.C.2953.32(C).
In doing the necessary analysis, the trial court will be required to determine whether appellant is a "first offender." We note that the trial court's previous reliance on Krutz would be insufficient for it to determine that appellant is not a "first offender." Krutz held that, in a prosecution for theft in office, the state was not required to try multiple counts as a single offense, which is unrelated to a determination of whether one convicted of multiple counts of theft in office could be considered a first offender for expungement purposes. For expungement purposes, when two or more convictions result from or are connected with the same act, or from offenses committed at the same time, they shall be counted as one conviction. State v.Hagstrom (1990), 67 Ohio App.3d 388, 587 N.E.2d 324; State v.Bradford (1998), 129 Ohio App.3d 128, 717 N.E.2d 376.
Appellant's assignment of error has merit. We reverse and remand for proceedings consistent with this opinion.
 _______________________________ PRESIDING JUDGE ROBERT A. NADER
O'NEILL, J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.