OPINION
{¶ 1} Appellant Tuscarawas County Child Support Enforcement Agency appeals the February 10, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas which affirmed the January 3, 2003 Magistrate's Decision dismissing Sandra Rybarczyk's complaint for an order of child support for her granddaughter McKenna Sanders against appellees Ryan and Alyson Sanders. Appellees did not file a brief in the within action. The Tuscarawas County Department of Job and Family Services filed an amicus brief.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In April 2002, Alyson Sanders voluntarily placed her minor child, McKenna Sanders, in the care of Sandra Rybarczyk, the maternal grandmother of the child, through the Kinship Care Program sponsored by the Tuscarawas County Department of Job and Family Services. The placement did not require court action. McKenna resided with her grandparents for approximately ten months.
 {¶ 3} Alyson Sanders is married to Ryan Sanders. They were married on April 19, 2002. McKenna was born prior to the marriage, however, Ryan Sanders signed an Acknowledgement of Paternity of McKenna Sanders on November 5, 1999. A court has never issued an order for custody of McKenna Sanders.
 {¶ 4} On August 23, 2002, Sandra Rybarczyk completed an IV-D application with Tuscarawas County Child Support Enforcement Agency ("CSEA"), seeking CSEA's assistance in obtaining a child support order for the benefit of McKenna.
 {¶ 5} CSEA held an administrative hearing on October 10, 2002. The Hearing Officer issued an Administrative Order recommending both Alyson and Ryan Sanders pay monthly child support payments, effective November 1, 2002, for the benefit of McKenna Sanders to Sandra Rybarczyk as the caretaker-relative of the child.
 {¶ 6} Neither parent objected to the recommendation, and CSEA filed a complaint requesting the trial court adopt the administrative recommendation as an order of the court. The matter was heard before the magistrate. The magistrate recommended the trial court deny CSEA's request and dismissed the complaint via Magistrate's Decision dated January 3, 2003.
 {¶ 7} The Magistrate's Decision found no dispute as to Ryan and Alyson's parental duties of support for the minor child, but found the complaint fundamentally unsound as Sandra Rybarczyk did not have legal custody of her granddaughter. The magistrate concluded Ohio Revised Code Section 3119.07(C) requires a non-parent have legal custody before a CSEA or court may establish a child support order for the benefit of the minor child.
 {¶ 8} CSEA objected to the Magistrate's Decision, and an oral hearing proceeded on February 10, 2003. The trial court issued a Judgment Entry on February 11, 2003 affirming the Magistrate's Decision. It is from this entry appellant appeals, raising the following assignment of error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN HOLDING THAT OHIO REVISED CODE SECTION 3119.07(C) PROHIBITS THE COURT OR CHILD SUPPORT ENFORCEMENT AGENCY FROM ESTABLISHING A CHILD SUPPORT ORDER FOR THE BENEFIT OF A MINOR CHILD TO A PERSON WITH WHOM THE CHILD RESIDES, OR A CARETAKER-RELATIVE WHOM DOES NOT HAVE LEGAL CUSTODY OF THE CHILD."
 I {¶ 10} In this assignment or error, CSEA maintains the trial court erred in finding Ohio Revised Code Section 3119.07(C) prohibits a court or CSEA from ordering parents of a child to pay support to a third party caring for the child where the third party does not have legal custody of the child. We disagree.
 {¶ 11} CSEA cites R.C. 3111.78 and R.C. 2151.231, arguing the statutory provisions give legal standing to a person with whom a child resides, even though not the legal custodian of the child, to request the Court or CSEA issue a child support order for the benefit of the minor child. CSEA maintains the trial court erred in finding the statutory provisions provide jurisdiction and legal standing to a person with whom a child resides to request a child support order, yet finding R.C. 3119.07(C) limits the authority of the court and CSEA to issue a support order only to legal custodians.
 {¶ 12} CSEA asserts the statutes, which pertain to the same general subject matter, must be read in pari materia. However, if the meaning of a statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. State ex rel. Burrowsv. Indus. Comm. (1997), 78 Ohio St.3d 78. The in pari materia rule is to be applied only where a statute is ambiguous, or the significance of its terms doubtful. State v. Fremont (1949), 151 Ohio St. 19. Accordingly, we conclude the in pari materia rule does not apply, as we find Section3119.07 is not ambiguous and the significance of its terms are not doubtful.
 {¶ 13} Section 3119.07(C) reads as follows:
 {¶ 14} "(C) If neither parent of a child who is the subject of a child support order is the residential parent and legal custodian of the child and the child resides with a third party who is the legal custodian of the child, the court shall issue a child support order requiring each parent to pay that parent's child support obligation pursuant to the child support order."
 {¶ 15} We agree with the trial court's determination a child support order cannot be administratively set, nor adopted by the court, on behalf of a caretaker who does not have legal custody. While 3111.78
and 2151.231 purport to give the non-custodial caretaker legal standing, the support order must be determined in accordance with chapters 3119 and 3121 of the Revised Code. The court must comply with section 3119 in order to compute the amount of support owed. Section 3119.07(C) acts to prevent the court's ordering an amount of support to a caretaker lacking legal custody. Thus, according to the plain and unambiguous language of3119.07(C), custody is required for a third party to be eligible to receive court ordered child support.
 {¶ 16} CSEA's assignment of error is overruled. The February 10, 2003 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. concur.