{¶ 38} I concur with the majority as to the disposition of this case but not the analysis. My analysis follows.
 {¶ 39} Appellant argues that an order in a dissolution action which orders a father to pay child support to the mother and physical custodian of those children is invalid if the order granting legal custody of the children to the mother is void because of the failure to file a UCCJA in the dissolution action. I do not agree with that argument. A parent has a common law duty to support his or her children which is not dependent on a valid custody order. "The judicial decree of support simply incorporates the common-law duty of support." In Re: Adoption ofMcDermitt (1980), 63 Ohio St.2d 301, 305 408 N.E.2d 680. This common law duty of support is owed to a person who has the physical custody of the child or children as long as that physical custody is not in contravention of the rights of anyone who may have legal custody of the child.
 {¶ 40} Based on the majority's analysis in the case sub judice, Cindy Vidro is presumed to still have valid legal custody of Rachel. Appellant has provided no evidence to the trial court that the physical placement of Rachel with her mother is without consent of Cindy Vidro. No evidence was presented to the trial court that anyone has valid legal custody of Megan.
 {¶ 41} One of the rationales behind the UCCJA requirement is to discourage a person who does not have legal custody of a child from taking that child to another jurisdiction and establishing custody. A court, before proceeding in a custody matter, must, to the best of its ability, establish that no other court has jurisdiction over the child. The UCCJA requirement was enacted as another way to protect the child. A parent who owes a duty of support to a child cannot avoid that duty by asserting that the custody order regarding that child is not supported by a UCCJA and therefore invalid. The best interests of the child require that the child must be supported by the party or parties who have that common law duty.
 {¶ 42} Neither R.C. 3109.05 nor 2151.231 says that a court can only order support to someone who has valid legal custody. R.C. 3109.05(A)(1) states that in a dissolution of marriage the court may order either or both parents to support their children. R.C. 2151.231 states that the person with whom a child resides may bring an action for child support without regard to the marital status of the child's parents. See my dissent in Tuscarawas County CSEA v. Sanders, Tusc. App. No. 2003AP030020, 2003-Ohio-5624.
 {¶ 43} Initially, I found appellant's argument persuasive. It seemed logical that a valid custody order should exist before child support is ordered to be paid to the child's custodian. But when I considered the rationale behind the UCCJA requirement and considered that family law statutes should be applied to serve the best interests of children, I concluded that the failure to file a statutorily required UCCJA does not negate a parent's common law duty to support a child.
 {¶ 44} In addition to my preceding analysis of the issue sub judice, I specifically disagree with the analysis of the majority in two ways. First, I do not agree with the majority's reliance on Pegan v. Crawmer,76 Ohio St.3d 97, 1996-Ohio-419, 666 N.E.2d 1091. In the case sub judice, we do not know if a UCCJA was filed in the case which granted custody of Rachel to Cindy Vidro. But the support order being challenged in the case sub judice is payable to the mother of the child, not Cindy Vidro. So, I do not understand why the majority finds that a valid custody order to Cindy Vidro would justify a child support order to the mother of the child. Secondly, the analysis provided by the majority goes only to Rachel, not to Megan. I cannot discern how the majority upholds the validity of the child support order regarding Megan.
 {¶ 45} I, therefore, concur in the disposition but not the analysis of this case by the majority.