{¶ 16} Although I agree to reverse the trial court decision, I respectfully dissent from the majority's remand and order to the trial court to conduct a hearing on the 1998 motion to seal the record. The majority correctly cites Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, in which the court held that "without a specific prescription * * * for a motion for reconsideration, it must be considered a nullity." Because Minch has filed a motion which is not prescribed by the Civil Rules, Criminal Rules, nor the expungement statute, the motion should have been denied by the trial court as a nullity. See Cleveland Hts. v. Richardson (1983), 9 Ohio App.3d 152.
 {¶ 17} Furthermore, Minch's motion for reconsideration was an attempt to circumvent a direct appeal. In 1998, Minch filed a motion to seal his record. When the court summarily denied his motion without a hearing, Minch should have appealed the trial court's decision and its failure to follow Ohio law. Instead, Minch filed a motion for reconsideration seven years later. I find this motion constitutes an attempt to file a late appeal. Minch should have timely filed his appeal in 1998 when the court initially denied his motion and/or failed to follow Ohio law by not holding a hearing as required by R.C. 2953.32.
 {¶ 18} Moreover, res judicata applies to bar reconsideration of his motion because the trial court previously denied the motion to seal his record. Res judicata bars the assertion of any issue, which was raised or could have been raised on appeal. State v. Cole (1982),2 Ohio St.3d 112, 443 N.E.2d 169. Because Minch previously sought to expunge his record and that motion was denied, res judicata bars refiling, especially when he did not appeal the trial court's initial decision in 1998.
 {¶ 19} Therefore, I would find that the trial court erred in granting Minch's motion for reconsideration and ultimately ordering his record sealed/expunged.
 {¶ 20} Moreover, I disagree with the majority's finding the 1998 decision void due to the procedural failure to hold a hearing. As the Ohio Supreme Court recently found in the context of Civ.R. 53, procedural error does not affect the trial court's subject-matter jurisdiction. In re JJ., 111 Ohio St.3d 205, 2006-Ohio-5484, _19. The failure to timely enter an objection to the procedural error waives the error. Id. at _17.
 {¶ 21} In the instant case, Minch had the right to file a direct appeal in 1998 to object to the court's failure to hold a hearing. This is the remedy the appellants pursued in the cases cited by the majority. See In re Byrd, Franklin App. No. 04AP-854, 2005-Ohio-3148; State v.Saltzer (1984), 14 Ohio App.3d 394. None of the cases cited has allowed a challenge to the procedural error through a motion to reconsider.
 {¶ 22} Therefore, I would reverse the decision of the trial court. The majority's remand for a hearing eight years later "gives credence to an improper motion" not recognized by law or the rules of procedure.
 {¶ 23} Finally, I would reverse the trial court's expungement of Minch's theft in office conviction because Minch cannot satisfy the fourth requirement under R.C. 2953.32(C). "Expungement of a conviction of theft in office can never be `consistent with the public interest.'"State v. Harris (1982), 7 Ohio App.3d 258, 261. The Harris court derived its conclusion from the clear and unequivocal disqualification of a public servant convicted of theft in office from further public employment. Because sealing of a conviction automatically restores an offender to "all rights and privileges not otherwise restored," the expungement order would restore the theft in office offender to the right to hold public office, employment or position of trust. This cannot be the legislative intent. Id.