IN RE APPLICATION OF DAVIS.

[Cite as In re Application of Davis (1980),
61 Ohio St. 2d 371.]

(C.F. No. 74-1—Decided March 26, 1980.)

*Mr. Frederick E. Davis, Jr., pro se.*

*Mr. Theodore T. Twynham,* for the Columbus Bar Association.

*Per Curiam.* This cause arises from the application of Frederick E. Davis, Jr. (applicant), filed May 2, 1973, for registration as a candidate for admission to the practice of law and for permission to take the Ohio Bar examination. Pursuant to Section 9 of Gov. R. I., this application was reviewed by this court's Board of Commissioners on Character and Fitness. In its report filed with this court on January 15, 1974, the board indicated that applicant had plead guilty in 1970 to a felony, and recommended that his application be denied.

Upon review of the evidence and recommendation of the board, this court remanded the cause to the board with instructions to reopen the hearing to permit the applicant to demonstrate that, notwithstanding his felony conviction, his present moral character measured up to the standards required of individuals who qualify for admission to practice law in this state. *In re Application of Davis* (1974), 38 Ohio St. 2d 273, 313 N.E. 2d 363.

Generally speaking, our primary concern in matters referred to us from the Board of Commissioners on Character and Fitness is whether an applicant has satisfied the burden of establishing that high level of moral character and fitness as would entitle him to practice law in this state. Section 9(H) of Gov. R. I. Whether the evidence submitted before the board demonstrates acceptable or unacceptable character and fitness is necessarily a difficult and subjective question. However, we are guided in these proceedings by reflecting upon whether the evidence presented demonstrates that applicant possesses those moral traits of honesty and integrity which would enable him or her to discharge fully and faithfully the duties of our demanding profession. *Cf. In re Application of Davis, supra.* In the instant cause, we are additionally concerned with whether applicant has demonstrated by clear and convincing evidence that he has become fully and completely rehabilitated since his felony conviction in 1970, *Id.*, and whether his present moral character makes him worthy of admission to practice law in this state.

Pursuant to our remand order in this cause, a hearing was held before the board on January 4, 1979, to resolve the above-mentioned issues. During those proceedings, applicant presented evidence which demonstrated that in 1975 he obtained an expungement of his record of conviction,* and has subsequently been a law-abiding citizen who has made exemplary achievements in furthering his education. The evidence demonstrates that following his separation from law school, applicant entered graduate school where he obtained in one year a master's degree in public administration.

---

* Under the provisions of R. C. 2953.33, a person who has obtained the expungement of his record of conviction may nonetheless be questioned with respect to that conviction if the questioning bears a "direct and substantial relationship" to the position for which the person is being considered. Such a situation exists in this cause.

Thereafter, he completed his law degree at the Ohio State University. The record shows that upon receipt of the law degree, applicant acquired employment in both Ohio and California in positions which involved the execution of significant responsibilities. From October through December of 1973, applicant served as a "Social Planning Specialist" with the city of Dayton. Thereafter, he was promoted to city-wide Special Projects Coordinator and later became Deputy Director of Program Planning for the Model Cities Program. Subsequently, applicant moved to Sacramento, California, where in 1975 he was hired as a special consultant to the state of California's W.I.N. program. From December of 1975 to July of 1977, applicant served as the program's Assistant Director for Planning, and he then returned to Ohio. Since his return, applicant has been employed as a consultant and as a preparer of income tax returns.

With reference to the manner in which applicant performed his employment duties, the record demonstrates that he executed them ethically and responsibly. Numerous individuals submitted evidence of applicant's favorable reputation in the community and in the work place. One such person was a high-ranking supervisor employed by the city of Dayton at the time applicant held a position there, and who exercised some managerial control over applicant's activities. It was his testimony that applicant executed his duties for the city of Dayton in a highly professional manner, and that he was unaware of any problems that would be relevant to applicant's fitness for admission to the bar.

Upon a review of the evidence in this matter, the board concluded that applicant possesses considerable personal initiative in his endeavors, that he appears to be a personable, intelligent and articulate person, and that he was openly candid during these proceedings. Furthermore, it was the board's conclusion that although applicant possessed the ability to function satisfactorily in structured environments, such as in a university or with an organizational employer who exercises direct supervision over his endeavors, his conduct with respect primarily to his personal financial responsibilities did not exemplify the moral character which is required of individuals who seek admission to the practice of

374

law in this state. Accordingly, it was the board's recommendation that the instant application be disapproved.

To be admitted to the bar in this state, an applicant must possess the educational requirements set forth by Gov. R. I., and he must establish that he has the requisite moral character to fulfill the position of trust in which he will be placed by his clients. The focus of inquiry in these matters is directed toward the assimilation and evaluation of that evidence which primarily reflects upon an applicant's ability to function honestly and effectively in the practice of law. Highly probative of an applicant's ability in this regard is his or her performance in past and current professional endeavors, including applicant's performance in academic pursuits and his ability to function in the work-environment. Less relevant for purposes of these proceedings is the manner in which applicant conducts personal matters, such as those involving marital or financial relationships, or associations with certain persons or organizations, unless it can be demonstrated that such matters bear substantially upon applicant's ability to execute the professional responsibilities with which he will be charged.

Although the evidence in the cause at bar does arguably offer some support for the board's conclusion, and therefore we have not taken its recommendation lightly, we are nonetheless persuaded to approve the instant application. We are impressed by the fact that applicant obtained the expungement of the record of his 1970 conviction, that he has not subsequently been involved adversely in the criminal justice process, and that he has achieved a commendable record of accomplishment in both his academic and professional endeavors. We note further that much confidence has been reposed in applicant by a number of respected citizens of this state, and that reliable witnesses have attested to applicant's good moral character and fitness to practice law.

In view of the foregoing, we conclude that applicant has complied with Section 9(H) of Gov. R. I. Therefore, it is the judgment of this court that his application be approved.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.