OHIO STATE BOARD OF PHARMACY, APPELLANT, *v.* FRIENDLY DRUGS ET AL., APPELLEES.

(No. 49540—Decided October 28, 1985.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *John E. Breen,* for appellant.

*Michael W. Czack,* for appellees.

JACKSON, J. Persons who wish to be licensed as distributors of dangerous drugs must file appropriate applications with the Ohio State Board of Pharmacy ("board"). R.C. 4729.54(B). A licensee must submit an application for renewal each year. R.C. 4729.54(I). In 1982, the board distributed application forms for the 1983 calendar year. Because of changes in Ohio law governing the pharmacy profession, the forms had been redesigned. For the first time, they contained the following question ("Question 8"):

"8. Has the applicant, or any agent or employee of the applicant, ever been charged or convicted of a violation of Section 4729.51 of the Ohio Revised Code; the 'Federal Food, Drug, and Cosmetic Act; Federal Controlled Substance Act; Ohio's Pure Food, Drug, and Cosmetic Act; or Chapter 2925., 3719., or 4729. of the Ohio Revised Code? ( ) No ( ) Yes

"(If yes, explain in detail, listing names and addresses of the court & dates such charges were filed, on a separate sheet.)"

Question 8 was promulgated in compliance with R.C. 4729.55(D) (effective October 1982), which provided:

"No license shall be issued to an applicant for licensure as a terminal distributor of dangerous drugs unless the applicant has furnished satisfactory proof to the board of pharmacy that:

"* * *

"(D) If the applicant, or any agent or employee of the applicant, has been found guilty of violating section 4729.51 of the Revised Code, the 'Federal Food, Drug and Cosmetic Act,' 52 Stat. 1040 (1938), 21 U.S.C. 301, the federal narcotic law, sections 3715.01 to 3715.72, Chapter 3719. or 4729. of the Revised Code, or any rule of the board, adequate safeguards are assured to prevent the recurrence of such violation."

The board is charged with enforcement of R.C. 4729.55(D). R.C. 4729.63.

All of the Friendly Drugs pharmacists involved in the case at bar answered "no" to Question 8. In fact, however, two of those pharmacists — Ronald Greenbaum and Harvey Boardman — had pleaded guilty in 1967 to charges of violating R.C. Chapter 3719 ("controlled substances"). After a hearing on the matter, the board determined that the Friendly Drugs pharmacists had violated R.C. 4729.57(A)(1), which provides for suspension or revocation of the license of the registrant.[1] The board authorized renewal of the licenses of the

---

[1] R.C. 4729.57(A)(1) provides:

"(A) The board of pharmacy may suspend, revoke, or refuse to renew any license issued to a terminal distributor of dangerous

Friendly Drugs pharmacists on the condition that each pharmacist submit a revised application form supplying the information required by Question 8. In addition, pharmacist Boardman was ordered to pay a $100 fine.

The board's order was appealed to the court of common pleas pursuant to R.C. 119.12. The basis for the appeal was the fact that pharmacist Greenbaum's record of conviction was sealed ("expunged") in 1977. See R.C. 2953.32. Pharmacist Boardman's record of conviction was sealed in August 1983, a few weeks prior to the hearing before the board; however, it had not been sealed at the time the renewal applications were submitted to the board. Both of the expungement orders, which were issued by the Cuyahoga County Court of Common Pleas, provided "[t]hat the proceedings in such [prior drug violation] case shall henceforth be deemed not to have occurred, except as provided in Sections 2953.31 to 2953.36 of the Revised Code."

The board was informed that Greenbaum's record of conviction had been sealed. Nevertheless, in reliance on R.C. 2953.33(B), the board concluded that its insistence on a factually correct answer to Question 8 was justified. R.C. 2953.33(B) provides:

"In any application for employment, *license,* or other right or privilege, any appearance as a witness, or any other inquiry, except as provided in division (E) of section 2953.32 of the Revised Code, a person may be questioned only with respect to convictions not sealed, *unless the question bears a direct and substantial relationship to the position for which the person is being considered."* (Emphasis added.)

The board's position was rejected by the court below, and the ruling of the board was reversed. The trial court based its decision on the following language from R.C. 2953.43(A):

"In any application for employment, *license,* or any other right or privilege, any appearance as a witness, or any other inquiry, a person may not be questioned with respect to any record that has been expunged * * *. If an inquiry is made in violation of this section, the person whose record was expunged may respond *as if the expunged arrest did not occur* and the person * * * shall not be subject to any adverse action because of the arrest or his response." (Emphasis added by the trial court.)

From that decision, the Ohio State Board of Pharmacy appeals the decision of the court of common pleas, and presents two assignments of error for review by this court.

I

First, the board contends that the lower court "erred as a matter of law by failing to hold that R.C. 2953.33(B) requires the disclosure of expunged convictions that bear a 'direct and substantial' relationship to a position for which an applicant is being considered." We agree.

The trial court based its decision on R.C. 2953.43(A). However, it quoted only a portion of that statutory section. In its entirety, R.C. 2953.43(A) provides as follows:

"In any application for employment, license, or any other right or privilege, any appearance as a witness, or any other inquiry, a person may not be questioned with respect to any record that has been expunged pursuant to section

---

drugs pursuant to section 4729.54 of the Revised Code or may impose a monetary penalty or forfeiture not to exceed in severity any fine designated under the Revised Code for a similar offense or one thousand dollars if the acts committed have not been classified

as an offense by the Revised Code, for any of the following causes:

"(1) Making any false material statements in an application for a license as a terminal distributor of dangerous drugs; * * *"

*2953.42 of the Revised Code.* If an inquiry is made in violation of this section, the person whose record was expunged may respond as if the expunged arrest did not occur and the person whose record was expunged shall not be subject to any adverse action because of the arrest or his response." (Emphasis added.)

R.C. 2953.42 deals *only* with expungement of records after an agreed bail forfeiture. As such, both R.C. 2953.42 and 2953.43(A) are inapplicable in the case at bar. It is clear, therefore, that the trial court did not apply the proper statute.

The controlling law in the instant case is R.C. 2953.33(B), which permits inquiry into sealed convictions if "the question bears a direct and substantial relationship to the position for which the person is being considered." This court believes that an inquiry into past charges or convictions for violating state and federal drug laws bears a direct and substantial relationship to the position of licensed pharmacist. Cf. *In re Application of Davis* (1980), 61 Ohio St. 2d 371 [15 O.O.3d 448] (applicant for permission to take bar examination may be questioned with respect to expunged felony conviction because inquiry bears "direct and substantial relationship" to applicant's fitness to practice law). It stands to reason that if the board is entitled to inquire about expunged drug convictions, it is also entitled to receive a truthful and accurate response.

Second, the trial court ruled that "the doctrine of laches is applicable here and prevents the Board from non-renewal of a pharmacy license based upon a known, 15-year-old criminal conviction."

The issue in the case at bar is not whether the board can or should deny a pharmacy license based on a fifteen-year-old conviction; it is, rather, whether the board may make a statutorily authorized inquiry into the existence and specifics of that conviction, for legitimate and important reasons. The equitable doctrine of laches does not bar that inquiry.

In *Smith* v. *Smith* (1959), 168 Ohio St. 447 [7 O.O.2d 276], the Supreme Court listed the following elements of laches:

" '(1) Conduct on the part of the defendant * * * giving rise to the situation of which complaint is made and for which the complainant seeks a remedy * * *; (2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant.' " 168 Ohio St. at 455 (quoting 19 American Jurisprudence [1939] 343, Equity, Section 498).

It is readily apparent that these elements are not present in the instant case. Furthermore, laches generally does not apply to bar a claim made by a governmental unit. *State, ex rel. Chester Twp. Bd. of Trustees,* v. *Makowski* (1984), 12 Ohio St. 3d 94. Finally, "in order to successfully prosecute a claim of laches, the person asserting the claim must show that he has been materially prejudiced by the delay of the adverse party in asserting his rights." *Smith, supra,* at 455. Appellees have not shown how they would be materially prejudiced by the requirement that they furnish factually accurate information on their applications for licensure.

Consequently, this court is persuaded that the doctrine of laches is not applicable in the case at bar.

Therefore, we find merit in appellant's first assignment of error. In reaching this conclusion, it is not the intent of this court to minimize the value or importance of the 1977 court order

sealing Ronald Greenbaum's record of conviction. Instead, we merely recognize that the privilege of "expungement" is not absolute. The records are not destroyed, nor is the fact of prior conviction itself eradicated. The statutory scheme provides that inquiry can be made into the prior expunged convictions for legitimate purposes as provided by statute. Such a legitimate purpose exists in the case at bar.

## II

Appellant asserts in its second assignment of error that the trial court erred in failing to hold that Harvey Boardman made false material statements in an application for a license as a terminal distributor of dangerous drugs, in violation of R.C. 4729.57(A)(1).

Since Boardman, unlike Greenbaum, had not yet had his record of conviction sealed at the time he completed his license renewal application, there is no question about the fact that Boardman violated R.C. 4729.57(A)(1).[2] Appellant's second assignment of error is therefore well-taken.

## III

Appellee Friendly has submitted its own "assignment of error" in its brief on appeal. However, appellee did not file a cross-appeal. The issue therefore was not properly presented for consideration by this court and will not be addressed by this court. See *Thirty-Four Corp.* v. *Sixty-Seven Corp.* (1984), 15 Ohio St. 3d 350.

## IV

We hold that the board was justified in demanding factually truthful responses to Question 8 from Greenbaum and Boardman regarding their own individual criminal records. We hold that the board did not act improperly in levying a fine against Boardman, whose criminal record had not been sealed at the time his renewal application was submitted. We specifically hold that no sanctions are authorized against Friendly Drugs pharmacists for their failure to reveal the contents of sealed criminal records of pharmacist Greenbaum, because this was information not necessarily within their own personal knowledge, and they had no legal responsibility, nor were they privileged to conduct an investigation into sealed criminal records.

Accordingly, the judgment of the court of common pleas is reversed. The order of the State Board of Pharmacy, insofar as it is consistent with the above holdings, is approved and reinstated.

*Judgment reversed.*

PARRINO, C.J., and NAHRA, J., concur.

---

[2] As clearly indicated in our discussion of the first assigned error, Boardman had a duty to divulge the facts surrounding his own prior conviction, regardless of whether the record of conviction was sealed or not.