THE STATE OF OHIO, APPELLEE AND CROSS-APPELLANT, *v.* BISSANTZ, APPELLANT AND CROSS-APPELLEE.

[Cite as State *v.* Bissantz (1988), 40 Ohio St. 3d 112.]

(No. 87-1947—Submitted November 15, 1988—Decided December 21, 1988.)

*George E. Pattison,* prosecuting attorney, *Lawrence R. Fisse* and *Daniel J. Breyer,* for appellee and cross-appellant.

*Rosenhoffer, Nichols & Schwartz, Gary A. Rosenhoffer, Ely & True* and *J. Robert True,* for appellant and cross-appellee.

WRIGHT, J. We have before us two questions. The first question posed is whether a public official convicted of bribery in office under R.C. 2921.02(B) may obtain expungement of his record. The second question is whether an order of expungement may restore the privilege to hold public office to an individual convicted of bribery in office. We answer the first question in the affirmative and the second in the negative.

I

We conclude that both the trial court and the court of appeals correctly held that a conviction of bribery in office may be expunged. The applicable statutory framework with respect to the sealing of conviction records, R.C. 2953.31 through 2953.36, clearly applies to all convictions, limited only by R.C. 2953.36, which provides:

"Sections 2953.31 to 2953.35 of the Revised Code do not apply to convictions when the offender is not eligible for probation, [or] convictions under Chapter 4507 * * * [driver's licenses], 4511 * * * [traffic laws and operation of motor vehicles], or 4549 * * * [motor vehicle crimes] of the Revised Code."

Bissantz's conviction for bribery in office pursuant to R.C. 2921.02(B) is a probationable offense, see R.C. 2951.02(F) and (G), and thus is not excepted by R.C. 2953.36. However, the state argues that R.C. 2921.02(F), which provides that a public servant convicted of bribery is "forever disqualified" from holding public office, is mandatory in nature and prohibits Bissantz from having the record of his conviction expunged or sealed pursuant to R.C. 2953.31 *et seq.* Under the expungement statutes, R.C. 2953.32 (C)(2) provides in pertinent part:

"If the court determines * * * that

the applicant is a first offender, that no criminal proceeding is pending against him, that his rehabilitation has been attained to the satisfaction of the court, and that the interests of the applicant in having the records pertaining to his conviction sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall order all official records pertaining to the case sealed * * *."

The state points to *State* v. *Harris* (1982), 7 Ohio App. 3d 258, 7 OBR 339, 455 N.E. 2d 510, in which the Court of Appeals for Hamilton County held that the provisions of R.C. 2953.31 *et seq.* do not apply to individuals convicted for theft in office under R.C. 2921.41. The *Harris* court, reading R.C. 2921.41 and 2953.31 *et seq. in pari materia,* concluded that the General Assembly intended to deny expungement to all persons convicted of theft in office without exception. However, the *Harris* decision was resolved under the former version of R.C. 2953.32(C), which required that the trial court find, among other things, that the sealing of an applicant's record of conviction "is consistent with the public interest" before the court could issue said order. See 135 Ohio Laws, Part I, 70-71. The present version of R.C. 2953.32 no longer requires such a finding and, in fact, places greater emphasis on the individual's interest in having the record sealed. While there are certainly "legitimate governmental needs" to maintain the records of convicted public officials, we reject the notion that these needs must in all cases outweigh an individual's interest in expungement. Moreover, we would again stress that convictions under R.C. 2921.02 or 2921.41 are not included among those which make one ineligible for expungement proceedings. See R.C. 2953.36. Obviously, if the General Assembly had intended

to include a bribery conviction within this exception, such an intent would have been reflected in R.C. 2953.36.

Accordingly, we hold that, as a matter of law, a conviction of bribery in office under R.C. 2921.02(B) may be expunged pursuant to R.C. 2953.31 *et seq.* The court below reviewed the record to determine whether expungement was properly granted. Following such a review, the Court of Appeals for Clermont County concluded that the trial court's order granting expungement was neither against the weight of the evidence nor an abuse of discretion. We will not disturb that finding.

II

As stated above, the court of appeals concluded that despite its finding that an expungement was proper, such a finding did not have the effect of restoring the privilege of holding public office to an individual convicted of bribery in office. We agree with this conclusion for the reasons that follow.

This issue focuses upon the effect of the expungement of Bissantz's criminal record. There appears to be a conflict between R.C. 2921.02(F) and 2953.33. This first statutory section states specifically that a public official convicted of bribery "* * * is forever disqualified from holding any public office, employment, or position of trust in this state." R.C. 2953.33(A) provides the general effect of sealing a conviction record in the following terms:

"An order to seal the record of a person's conviction restores the person who is the subject of the order to all rights and privileges not otherwise restored by termination of sentence or probation or by final release on parole."

However, the effect of said expungement is limited by division (B), which provides:

"In any application for employment, license, or other right or privilege, any appearance as a witness, or any other inquiry, except as provided in division (E) of section 2953.32 of the Revised Code [not relevant here], a person may be questioned only with respect to convictions not sealed, *unless the question bears a direct and substantial relationship to the position for which the person is being considered.*" (Emphasis added.)

Bissantz suggests that expungement of a public official's criminal record would in all cases prohibit the use of that record to block a future candidacy. This argument is based on the faulty assumption that once a record of conviction is sealed it is never again subject to inspection. There is no question that even a sealed record of conviction may be inspected by a limited group of individuals, which includes law enforcement officers or prosecutors, parole and probation officers, and the person who is the subject of the records. See R.C. 2953.32(D). Obviously, these interested parties could act to bar an individual's future effort to run for election to public office.

In *In re Application of Davis* (1980), 61 Ohio St. 2d 371, 15 O.O. 3d 448, 403 N.E. 2d 189, this court considered the application for admission to the bar of an individual who had a felony conviction, subsequently expunged. Regarding the effect of the expungement, the court explained in a footnote:

"Under the provisions of R.C. 2953.33, a person who has obtained the expungement of his record of conviction may nonetheless be questioned with respect to that conviction if the questioning bears a 'direct and substantial relationship' to the position for which the person is being considered. Such a situation exists in this cause."

*Id.* at 372, 15 O.O. 3d at 448, 403 N.E. 2d at 190.

A like view was expressed in *Ohio State Bd. of Pharmacy* v. *Friendly Drugs* (1985), 27 Ohio App. 3d 32, 27 OBR 33, 499 N.E. 2d 361, wherein it was held that the state pharmacy board had the right to question an applicant for licensure as a terminal distributor of dangerous drugs with respect to his previously expunged drug conviction.

The record reflects that Bissantz has twice sought public office since his conviction, and we hold that a conviction for bribery in office most certainly bears a "direct and substantial relationship to the position" he sought and still seeks. In our view, the expungement of this particular offense would not prevent his conviction from being considered in determining his eligibility for public office, notwithstanding the general language of R.C. 2953.33 (A). Thus, we uphold the clear mandate of R.C. 2921.02(F) to the effect that Bissantz is forever barred from holding office in this state.

As stated by the court of appeals, historically, a convicted felon is incompetent to be an elector or juror or to hold an office of honor, trust or profit. See R.C. 2961.01. The right to vote is restored when such a person is granted probation, parole, or a conditional pardon. *Id.* In depriving a convicted felon of his right to hold public office, the primary aim of this statute is to impose an additional penalty for the commission of a felony. *State, ex rel. Corrigan,* v. *Barnes* (1982), 3 Ohio App. 3d 40, 3 OBR 43, 443 N.E. 2d 1034. The power to disqualify a convicted felon from holding public office is specifically granted to the General Assembly. Section 4, Article V, Ohio Constitution. Thus, it is apparent that the General Assembly may impose certain qualifications upon those who seek

public office. In this particular instance, the legislative classification is clear, rests on reasonable grounds, and affects all persons in the class equally. The prohibition here reflects an obvious, legitimate public policy which states in effect that felons convicted of crimes directly related to and arising out of their position of public trust should not ever again be entitled to enjoy such a position.

Finally, we would point out that it is a well-established rule of construction that specific statutory provisions prevail over general provisions. R.C. 1.51. R.C. 2921.02(F), being a specific provision, therefore prevails over the more general provisions of R.C. 2953.33. While R.C. 2953.33 provides the general effect of expungement, it cannot prevail over the compelling public policy specifically declared in R.C. 2921.02(F).

Thus, we conclude that a conviction of bribery in office may be expunged and in this case the trial court correctly held that Bissantz is entitled to expungement. However, we also conclude that, in light of the specific mandate of R.C. 2921.02(F), a person convicted of bribery in office under R.C. 2921.02(B) is forever barred from holding public office in this state, even where such conviction is subsequently expunged pursuant to R.C. 2953.31 *et seq.* Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and H. BROWN, JJ., concur.