OPINION
 STATEMENT OF FACTS
This is an appeal from a denial by the Court of Common Pleas, Perry County, Ohio of an application by appellant to seal his record of conviction of Bribery under R.C. § 2953.32. The application apparently included expungement of the dismissed charge of Grand Theft by Deception under R.C. § 2953.52 although the application is non-specific.
Appellant, who is now a resident of Germany, was convicted of Bribery on January 9, 1986 and sentenced February 19, 1986, to two years incarceration. Included in the sentence was a prohibition of holding a position of trust in this State.
Upon filing the Motion to Seal his Record of Conviction on February 14, 2001, the State objected. A probation report was reviewed by the trial court on March 5, 2001.
A hearing was held, with appellant not present on April 2, 2001, with a denial issued May 25, 2001.
The only testimony presented to the trial court at the April 2nd hearing was that of Mike Anthony Hankinson, Treasurer of the Crooksville Exempted Village School District who stated that such school district suffered an $80,000.00 loss due to the actions of appellant and a co-defendant and that no attempt at reimbursement has been made by appellant. No order of restitution was imposed at sentencing.
No testimony in support of the application was provided by appellant.
The appellant does not present an Assignment of Error as required by Appellate Rule 16(A)(3) but presents a Statement of Issues to the effect that the trial court committed error in not granting the Motion to Seal the record.
We will assume that the Statement of Issues constitutes an Assignment of Error asserting abuse of discretion by the trial court.
The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
The qualifications applicable to sealing a record of conviction are set forth in R.C. § 2953.31 et seq.
As to the discretionary authority of the trial court with relation thereto, R.C. § 2953.32(C)(1)(c)(e) and (C)(2) are applicable:
(C)(1) The court shall do each of the following:
* * *
 (c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
* * *
 (e) Weigh the interests of the applicant in having the records pertaining to his conviction sealed against the legitimate needs, if any, of the government to maintain those records.
 (2) If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender or the subject of a bail forfeiture, that no criminal proceeding is pending against him, and that the interests of the applicant in having the records pertaining to his conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain such records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in division (G) of this section, shall order all official records pertaining to the case sealed and, except as provided in division (F) of this section, all index references to the case deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. The proceedings in the case shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code.
As to dismissed charges R.C. § 2953.52 states:
 (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.
 (2) Any person, against whom a no bill is entered by a grand jury, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of two years after the date on which the foreman or deputy foreman of the grand jury reports to the court that the grand jury has reported a no bill.
 (B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.
(2) The court shall do each of the following:
 (a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;
 (b) Determine whether criminal proceedings are pending against the person;
 (c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 (d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.
 (3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred.
Information provided to the trial court indicates that no other criminal activity occurred before or since this conviction.
During the hearing, discussion occurred as to the charge of Bribery being capable of expungement and that the prohibition as to serving as an elected official would remain with State v. Bissantz (1988),40 Ohio St.3d 112 cited as authority. As appellant served as treasurer of such school district at the time of the offense, a non-elected position, the witness Mr. Hankinsen now holds, such case is not in point.
State v. Bissantz, supra does, however, stand for the proposition that rehabilitation has been attained to the satisfaction of the trial court and that the interests of the applicant in having records pertaining to conviction sealed are not outweighed by any legitimate governmental interests. This conforms to R.C. § 2953.32.
Both appellant and appellee cite City of Dayton v Sheibenberger
(1996), 115 Ohio App.3d 529, as to the dismissal charge which holds that R.C. § 2953.52 requires:
 Trial court deciding whether to seal criminal records under statute allowing sealing of dismissed complaint, indictment, or information may not tip balance in favor of government, but must initially approach parties' interests on equal basis.
As the trial court had no testimony on behalf of appellant as to rehabilitation satisfactory to the court under R.C. § 2953.32 or to balance appellant's interests with that of the State's under R.C. §2953.52, we find no abuse of discretion occurred.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed.
Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John F. Boggins, J. concur.