DECISION
Appellant, Oscar R. Davidson, appeals from a judgment of the Franklin County Municipal Court that denied his application to seal records.
On August 27, 1997, New Albany police officers arrested appellant for alleged domestic violence and other violations of village ordinances. The next day the New Albany Mayor's Court issued a temporary protection order against appellant arising from appellant's allegedly harming or attempting to harm his wife, son, and stepson. Appellant entered a not guilty plea, and the case was transferred to the Franklin County Municipal Court. On November 18, 1997, the trial court amended the domestic violence charge to disorderly conduct, found appellant guilty of disorderly conduct, and dismissed the remaining charges against appellant.
On February 8, 1999, appellant, through an attorney, filed an application for expungement and sealing of his record, which the trial court denied on April 6, 1999. On July 24, 2001, appellant, through his attorney, again filed an application for expungement and sealing of his record pursuant to R.C. 2953.32 and 2953.52.
On October 12, 2001, pursuant to appellant's second application, the trial court convened the parties for a hearing. At that time, the assistant prosecutor objected to appellant's application as follows: "* * * Judge, we do object. Obviously there was a conviction in this case. Additionally, domestic violence charges are used to determine the primary aggressor. Under 2935.03(B)3(d) [sic] it is used to determine a course of conduct. The State is mandated to provide this information, and by actually expunging this case we are violating that mandate. It is used to determine bail or bond under section 2919.251, and as I stated at the beginning, this is a conviction." (Tr. 2-3.)
Later in the proceeding, after appellant's counsel inquired whether appellant would be permitted to present evidence, the trial court responded as follows:
 THE COURT: Well, I don't think evidence is necessary. I believe what you said. I don't think I'm going to grant it, so I guess that's where we are.
 MR. SAIA [appellant's counsel]: Your Honor, I'd ask the Court then to at least state grounds on the record for basis of appeal.
THE COURT: Beg your pardon?
 MR. SAIA: I'd request that the Court state its grounds on the record for basis of appeal.
 THE COURT: Well, I think I pretty much told you. That's their handling of these cases. I'm hard pressed to go against them. You've got a record here, so that's pretty much going to be it. (Tr. 4.)
Based on the assistant prosecutor's objections, the trial court denied appellant's application. In its judgment entry, the trial court stated "[t]his matter came before the court on an application for the sealing of the records pursuant to (R.C. 2953.32) (R.C. 2953.52). Upon due consideration of the matters contained therein, the application is hereby denied for the following reason(s): * * * Convictions dismissals are used to determine the primary aggressor under 2935.03(B)(3)(d). These are used to determine a course of conduct. This is used to determine lethality. Further, this is used to determine bond or bail under 2919.251. The state is mandated to provide this information. Case was closed by a conviction."
From this second denial by the trial court, appellant timely appeals and assigns a single error:
 ASSIGNMENT OF ERROR: THE COURT SUB JUDICE ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S APPLICATION FOR THE EXPUNGEMENT OF HIS CONVICTION OF DISORDERLY CONDUCT AND THE EXPUNGEMENT OF THE DISMISSALS OF HIS DOMESTIC VIOLENCE, INCONSISTENT INFORMATION, AND IMPROPER HANDLING OF A FIREARM IN A MOTOR VEHICLE CHARGES.
As a preliminary matter, because the trial court referred to both R.C.2953.32 and 2953.52 in its judgment entry, we analyze appellant's assignment of error under both statutes.
R.C. 2953.32 provides for the sealing of a record for a first offender. Upon the filing of an application, the court shall set a hearing date and notify the prosecutor of the hearing date. R.C.2953.32(B). A prosecutor may object to the granting of an application request by filing an objection with the court prior to the hearing date. Id. R.C. 2953.32(C)(1) requires a court to (1) determine whether the applicant is a first offender, (2) to determine whether criminal proceedings are pending against the applicant, (3) to determine whether the applicant has been rehabilitated to the satisfaction of the court if the court finds the applicant to be a first offender, (4) to determine if the prosecutor filed an objection in accordance with R.C. 2953.32(B) and to consider the prosecutor's reasons for the objection, and (5) to weigh the applicant's interests against any legitimate governmental needs, if any.
Under R.C. 2953.52(A)(1), "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case." Upon the filing of an application, the court shall set a hearing date and notify the prosecutor of the hearing date. R.C. 2953.52(B)(1). A prosecutor may object to the granting of an application request by filing an objection with the court prior to the hearing date. Id. R.C. 2953.52(B)(2) requires a court to (1) determine whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed, (2) to determine whether criminal proceedings are pending against the applicant, (3) to determine whether a prosecutor filed an objection in accordance with R.C. 2953.52(B)(1) and to consider the prosecutor's reasons for the objection, and (4) to weigh the applicant's interests against any legitimate governmental needs, if any.
Here, the trial court's proceedings fell short of the requisites of the two applicable statutes. More particularly, although the prosecution's objection to the requested expungement was a factor to be considered among the other noted statutory factors, the trial court refused to take evidence from appellant and instead accepted the prosecution's objection as dispositive. Without question, the prosecution's objection, and the validity of the basis for it, were appropriately taken into account, but the trial court's refusal to hear appellant's evidence and consider the potential that it may outweigh the prosecution's objections is reversible error. See State v. Bissantz (1988), 40 Ohio St.3d 112, 114 ("The present version of R.C. 2953.32 * * * places greater emphasis on the individual's interest in having the record sealed. While there are certainly `legitimate governmental needs' to maintain the records of convicted [individuals], we reject the notion that these needs must in all cases outweigh an individual's interest in expungement"); Dayton v. Sheibenberger (1996), 115 Ohio App.3d 529, 536 ("We believe that the legislature likewise intended that there be an emphasis on the individual's interest in having his or her record sealed in enacting R.C. 2953.52, which is very similar to the revised version of R.C. 2935.32
[sic]. Therefore, we determine that the trial court is not to tip the balance in favor of the government when it is weighing the parties' relative interests. The court is to approach the parties' interests initially from an equal basis").
Because the trial court failed to consider the statutory factors and weigh the parties' relative interests, we sustain appellant's single assignment of error, reverse the judgment of the trial court, and remand for further proceedings consistent with this decision.
Judgment reversed and case remanded.
BOWMAN and BROWN, JJ., concur.