OPINION
{¶ 1} Defendant David B. Wiley appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which denied his application to seal his record pursuant to R.C. 2953.32. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR {¶ 2} THE TRIAL COURT ABUSED THE DISCRETION VESTED IN IT BY R.C. 2953.32 IN DENYING THE APPLICATION OF THE APPELLANT TO SEAL THE RECORD OF HIS 1992 MISDEMEANOR CONVICTION.
{¶ 3} The trial court made various findings of fact and conclusions of law in its November 20, 2001 judgment entry. The court found appellant entered a plea of no-contest and was convicted of criminal damaging or endangering on October 5, 1992. The basis for the conviction was appellant's involvement as President of Wiley Organics d.b.a. Organic Technologies, in the events leading up to an explosion during a chemical manufacturing process at the corporate plant. The explosion resulted in the death of an employee in April of 1991. Also on October 5, 1992, appellant, acting in his corporate capacity as President, entered no contest pleas on behalf of the corporate entity to various charges, including a charge of involuntary manslaughter. The trial court further found that as of the date of the hearing, there were no criminal proceedings pending against appellant, and the appellant is a first time offender. The trial court found the appropriate statutory time had passed making appellant eligible to apply for sealing of his records.
{¶ 4} The trial court found that at the time of the hearing, appellant was in the same or similar capacity with the corporate entity as he had been at the time of the events leading up to the explosion. The trial court also found appellant still employs the same person as director of research and development who held the role at the time of the explosion, and that person has no degree in chemistry. The investigative files of both the Licking County Prosecutor and the Ohio Attorney General contain many records with references to appellant, references to the corporate entity itself, and to other employees or possible targets of criminal charges. The court found the same was likely to be true of other agencies which investigated the explosion. The court found redacting references to appellant from all these records would be a monumental task. The trial court found appellant had offered no credible evidence that the existence of this conviction had deprived him of any opportunities of employment or otherwise, nor has it led to any appreciable adverse consequences. The trial court characterized as "speculative" appellant's testimony that his conviction is a factor in negotiations concerning large contracts for the corporation where issues of personal trust are implicated. Appellant also testified that he was interested in possibly becoming a missionary and did not wish his conviction to arise as an issue at that time. The trial court finally found information regarding the conviction can be obtained through many sources including agencies of the State government, private sources, federal agencies, and reports of civil litigation. The court found some is available through the Internet.
{¶ 5} R.C. 2553.31 et seq. are the statutory provisions applicable to actions involving the sealing of records. Pursuant to R.C. 2953.32, there are five prongs for the court to consider. First, the court must determine if the applicant is a first-time offender. Secondly, the court must determine whether criminal proceedings are pending against the applicant. Thirdly, the court must determine if the applicant has been rehabilitated to the satisfaction of the court. Fourthly, if the prosecutor has filed an objection, the court must consider the reason against granting the application specified by the prosecutor. And finally, the court must weigh the interest of the applicant in having the records sealed against any legitimate government needs to maintain the records.
{¶ 6} In its conclusions of law, the court properly found even though a defendant may be eligible to have his records sealed, the court is still required to balance the defendant's interest in having the record sealed with the government's legitimate need to maintain the records, citing State v. Heaton (1995), 108 Ohio App.3d 38. The trial court found appellant had failed to demonstrate he had been rehabilitated to the satisfaction of the court, because he was still the head of the chemical company who employs as a director of research and development the very same person who served in that capacity at the time of the explosion. The person still has no degree in chemistry and the court found this indicated appellant had failed to show what steps he had taken to avoid simple mistakes occurring such as those which led to the explosion in April of 1991. The court opined if the appellant had been intent on rehabilitating himself he would address the qualifications of those he placed in charge of important functions of his company.
{¶ 7} The trial court found the interest of appellant in sealing the records is minimal in light of the fact that information about his conviction is available from many sources over which the court has no jurisdiction. The court rejected appellant's argument, that sealing his conviction would serve his interest in advancing church related activities. The trial court found keeping his conviction public would serve this interest as much or possibly more, by encouraging the appellant to be candid and forthcoming with respect to inquiries about the events that led to his conviction. The court found this could enhance rather than detract from appellant's status in his church.
{¶ 8} Finally, the court found the interest of the State of maintaining the public nature of the record clearly outweighs any interest the appellant has in concealing it. The court found identifying and redacting all records in possession of the various agencies would be too burdensome, and perhaps could not even be accomplished. The court also found sealing the records incident to the corporate conviction, could expose a government agency to liability under the Public Records Act because it could not then comply with the request. The court found sealing the record as to appellant and the corporate entity would place public agencies in an untenable position.
{¶ 9} The court concluded the nature of the events that led to appellant's conviction, which was a highly publicized explosion at a chemical plant, weigh in favor of the government's interest in maintaining the record, given the public's need to know, as well as the fact that the appellant was still in the chemical processing business. The court therefore denied appellant's application for sealing of his records.
{¶ 10} In State v. Bissantz (1988), 40 Ohio St.3d 112, the Supreme Court found the General Assembly intended to place greater emphasis on the individual's interest in having his records sealed. The statute vests discretion in the trial court, and the Supreme Court has repeatedly reminded reviewing courts they may not reverse citing an abuse of discretion unless the record shows the court was unreasonable, arbitrary, or unconscionable, see State v. Adams (1980), 62 Ohio St.3d 151.
{¶ 11} The trial court found the first two prongs of R.C. 2953.32
(C) were met, namely, that appellant was a first-time offender and there were no current charges pending against him.
{¶ 12} The trial court found appellant could not meet the third prong, namely, demonstrating to the court's satisfaction that he had been rehabilitated. Specifically, the trial court found appellant had failed to address the qualifications of persons he placed in charge of important functions such as the chemical processes his company uses. Appellant asserts this finding was based upon the prosecutor's argument only, and no evidence was presented that the prosecutor's assumptions were based upon the facts of the case. Appellant points out although the person in question has retained the same job title, there was no basis for the trial court's conclusion this person performs the same duties as he had prior to the explosion in 1991. Appellant testified he has hired safety personnel and consultants who conduct regular reviews of his company's operations, and the company has maintained an exemplary safety record since the 1991 explosion. Thus, appellant argues, and we agree, the court's conclusion that appellant had failed to show what steps he had taken to avoid mistakes similar to those he had made in 1991, is simply not correct.
{¶ 13} Similarly, notable by its omission, is any mention of the testimony provided by appellant's character witness, Reverend Gary Rinker. Reverend Rinker testified he had regular contact with appellant, who was a lay speaker trained by the United Methodist Church to serve in the absence of the pastor. Reverend Rinker testified appellant related well with the congregation, and vice-versa. Reverend Rinker offered as his opinion, based upon his observations that appellant is a very caring individual who does his part in being a member of the church and meeting his responsibilities. The pastor noted in his visits to appellant's home, he was most impressed with the care and religious devotion that indicated to the Reverend the family had a good family life. Reverend Rinker testified that he was aware of the misdemeanor conviction in 1992, but did not believe that appellant posed any threat of criminal conduct and had been rehabilitated. On cross, Reverend Rinker admitted he had not known appellant in 1991, when the explosion occurred, and his criminal conviction in this case had not prevented him from playing any of the roles in the church, including being certified as the lay speaker, in the past. However, Reverend Rinker testified sealing the conviction would enhance appellant's ability to perform his functions within the congregation. Reverend Rinker testified it would be much more satisfactory and easier, if any serious questions were asked, for appellant to simply say the matter had been "taken care of."
{¶ 14} In spite of this testimony, the court found that keeping appellant's conviction public would serve to enhance his status in the church, and sealing it might actually detract from it. There was no testimony placed before the court intending to advance this theory, and we find the trial court's conclusion is not based upon the testimony before it.
{¶ 15} Regarding the trial court's conclusion that sealing the appellant's records would have minimal benefit for him because the information is available from many other sources, appellant cites us to the case of State v. Rossi (1999), 36 Ohio St. 8d 620. In Rossi, the Ohio Supreme Court found the order to seal Ohio records was appropriate regardless of the fact the records were available elsewhere. For this reason, the trial court's reservations about the availability of other source materials is irrelevant to the issue of whether appellant's records should be sealed.
{¶ 16} The trial court appropriately attempted to balance the State's need to maintain its records with appellant's interest in having his conviction sealed. The trial court found there were numerous references to appellant not only in his personal records, but in records about the investigation of the corporation, and other individuals. The court found it would be burdensome and perhaps impossible to redact appellant's name from all those records.
{¶ 17} It is clear from this the trial court was blurring the distinction between sealing a criminal record and expunging it. To seal a record means to remove it from the main file of similar records and to secure it in a separate file accessible only under certain conditions. To expunge a conviction, by contrast, is to render it a legal nullity as if it did not exist, see R.C. 2151.358; R.C. 5122.09; R.C. 2953.33.
{¶ 18} Further, in Ohio, a corporation is a separate entity. The trial court appears to be laboring under the impression that to seal appellant's record would have some impact on the corporate criminal record. Clearly, this is not the case. The sealing, or for that matter the expungement, of appellant's individual criminal conviction would have no legal impact upon any records about the corporation.
{¶ 19} We find the trial court erred in denying appellant's application. Accordingly, the assignment of error is sustained.
{¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is vacated, and pursuant to App.R. 12, we hereby enter final judgment in favor of appellant.
By GWIN, P.J., FARMER, J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is vacated, and final judgment granting appellant's application to seal his criminal record is hereby granted. The clerk of courts is hereby directed to take all steps necessary to implement this order. We specifically find this judgment applies only to the applicant individually, and shall have no effect on the records of any other criminal defendant, including Organic Technologies. Costs to appellee.