[Cite as *State v. M.D.*, 2012-Ohio-1545.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97300**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## M.D.

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-360551

**BEFORE:** S. Gallagher, J., Jones, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**ATTORNEYS FOR APPELLANT**

Larry W. Zukerman
S. Michael Lear
Brian A. Murray
Zukerman, Daiker & Lear Co., LPA
3912 Prospect Avenue, East
Cleveland, OH    44115


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Diane Smilanik
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Defendant-appellant M.D. appeals the trial court's decision that denied his application to seal the records of his 1998 conviction for receiving stolen property, forgery, uttering, and obstructing justice. For the following reasons, we reverse the decision of the trial court and remand for further proceedings.

**{¶2}** In 1998, a jury convicted M.D. of receiving stolen computer equipment, forgery, uttering, obstructing justice, and tampering with evidence. *State v. [M.D.]*, 8th Dist. Nos. 75339, 75340, and 75341, 2000 WL 235778 (Mar. 2, 2000) ("*M.D. I*"). According to the facts gleaned from *M.D. I*, M.D. owned a pawnshop. One of his employees took in and created a bill of sale for a laptop stolen from Cleveland Clinic. The charge of receiving stolen property was for the laptop. The forgery, uttering, and obstructing justice charges were based on the bill of sale that was created and given to the prosecutor during discovery. The bill of sale included information that was only available from the search warrant. *See id.* M.D. was sentenced to one year in prison and fined $3,500. This court subsequently vacated the tampering with evidence conviction on M.D.'s direct appeal. *Id.* at *9.

**{¶3}** In 2009, M.D. filed an application to seal his record of conviction pursuant to R.C. 2953.32. The state filed an objection to the application, but only claimed that the nature of the crime, in and of itself, created a legitimate interest in the government's maintaining the record of conviction. The trial court held a hearing on the issue and

summarily denied M.D.'s application in a separate entry. In *State v. M.D.*, 8th Dist. No. 92534, 2009-Ohio-5694 ("*M.D. II*"), we reversed the trial court's summary decision and remanded the matter in order for the trial court to issue findings pursuant to R.C. 2953.32.

{¶4} Upon remand, the trial court issued a journal entry finding that M.D. did not qualify as a first offender pursuant to R.C. 2953.32 and denied his application to seal a record of conviction. In *State v. M.D.*, 8th Dist. No. 95383, 2011-Ohio-1804 ("*M.D. III*"), this court again reversed the trial court's decision because the trial court used the incorrect date of offenses in determining that M.D. was not a first offender. *Id.* at ¶ 10. This court determined that M.D. was a first offender and remanded the matter in order for the trial court to complete the rest of the analysis under R.C. 2953.32.

{¶5} The trial court, once again, denied the application. It is from this decision that M.D. timely appeals, raising three assignments of error, which provide as follows:

> I. The trial court erred in denying appellant [M.D.'s] application to seal his records of conviction as it did not liberally apply the factors set forth in R.C. 2953.32(C) in appellant's favor.
>
> II. The trial court erred in finding that appellant had not been satisfactorily rehabilitated as the law of the case doctrine prohibited the trial court from re-considering this issue as the court of appeals had already determined that there was overwhelming evidence that appellant was rehabilitated.
>
> III. The trial court erred in finding that the public's need to maintain the records of appellant's conviction outweighed appellant's interest in sealing them and that said basis could not serve as ground[s] upon which to deny appellant's application to seal the records of his conviction.

We will address M.D.'s assignments of error together because all three present the same issue of whether the trial court erred in denying his application to seal the record of his conviction.

{¶6} As we previously recognized: "[a] trial court shall only grant expungement to an applicant who meets all the requirements presented in R.C. 2953.32." *M.D. III* at ¶ 4, citing *State v. Simon*, 87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041. Pursuant to R.C. 2953.32(C), the court must determine (1) whether the applicant is a first offender, (2) whether criminal proceedings are pending against him or her, and (3) whether the applicant has been rehabilitated to the court's satisfaction. The court must also (4) consider any objections of the prosecutor and (5) weigh the interests of the applicant in having the records pertaining to his or her conviction sealed against the legitimate needs, if any, of the government to maintain those records. "If the applicant fails to meet one of the requirements in R.C. 2953.32(C), the trial court must deny the motion for expungement." *M.D. III*, citing *State v. Krantz*, 8th Dist. No. 82439, 2003-Ohio-4568, ¶ 23.

{¶7} R.C. 2953.32 provides for an emphasis on the individual's interest in having the record sealed. *State v. Hilbert*, 145 Ohio App.3d 824, 764 N.E.2d 1064 (8th Dist.2001), citing *State v. Bissantz*, 40 Ohio St.3d 112, 114, 532 N.E.2d 126 (1988). The statute also acknowledges that the public's interest in being able to review the record is a relevant, legitimate governmental need under the statute. *Id.* Nonetheless, courts must liberally construe R.C. 2953.32 in favor of promoting the individual's interest in

having the records sealed. *Id.* We review the trial court's decision under the abuse of discretion standard. *State v. Smith*, 8th Dist. No. 91853, 2009-Ohio-2380, ¶ 5.

{¶8} In the current case, there is no dispute at the time of his hearing that M.D. is a first offender and had no criminal proceedings pending against him. Further, this court has determined that the state's generic argument in its objection to the application was contrary to this district's precedent. *M.D. II*, 8th Dist. No. 92534, 2009-Ohio-5694. The state simply argued that the nature of the offense outweighs M.D.'s interest in sealing the record of conviction; however, the nature of the offense, in and of itself, is not grounds to deny the application. *Id.,* citing *State v. Haas*, 6th Dist. No. L-04-1315, 2005-Ohio-4350. The state has not otherwise objected to M.D.'s application. Therefore, the only issue before this court is whether the trial court abused its discretion in determining that M.D. was not rehabilitated and the government's interest in maintaining the record of conviction outweighed M.D.'s interest.

{¶9} The trial court found that the government's interest in maintaining the record of conviction outweighed M.D.'s interest based on the "the public's need to know," citing *State v. Greene*, 61 Ohio St.3d 137, 573 N.E.2d 110 (Moyer, C.J., dissenting in part) (1991). The trial court held that because the offense was committed while in the course of his business, the public had a right to review the record of conviction in order to determine whether to conduct future business with M.D. The trial court also noted that M.D. did not have any interest in sealing the records because he has been able to rebuild his reputation, maintain a management position at work, and otherwise move on with his

life, demonstrating that the record of conviction has not detrimentally affected M.D. Based on the full record before us, we must find that the trial court's rationale is contrary to law.

{¶10} M.D. must prove that he was rehabilitated in order to have his record of conviction sealed. R.C. 2953.32(C)(1)(c). To this end, the record shows, and we previously referenced, that M.D. is not only remorseful, but also that he is a highly productive member of society, a valued friend, father, son, and husband, and a man of high moral character. *M.D. II,* 8th Dist. No. 92534, 2009-Ohio-5694.

{¶11} We are sensitive to the trial court's concerns about the public's possible "need to know" about a person's prior conduct in business, but that concern is not unlimited. We must note that M.D. is now 50 years of age and has led a law abiding life since these convictions in 1998. Further, it is undisputed that he is no longer is involved in the "pawn" business that was the subject of these original convictions. By all accounts, he has moved on and deserves the benefit that the expungement statute affords. The fact that he is now successful should not deny him the benefits of the expungement statute. Because rehabilitation is a factor that must be demonstrated pursuant to R.C. 2953.32(C)(1)(c), it cannot be a factor that also counts against the offender when weighing the interests of the offender against the government's interest.

{¶12} The trial court also found that M.D. had not been rehabilitated to the court's satisfaction because M.D. had not demonstrated remorse for his crimes. The trial court relied on M.D.'s statement in the January 6, 2008 letter attached to his application, that a

trainee at his business made the mistakes underlying the criminal conduct and that M.D.'s mistake was not finding and remedying the issue. It is understandable how the trial court could take umbrage with the fact that M.D. expressed that another was responsible for the actions that led to his conviction. Nevertheless, as we already noted in that January 6, 2008 letter, M.D. otherwise expressed his remorse and regret for his actions. *M.D. II*, 8th Dist. No. 92534, 2009-Ohio-5694, ¶ 3. M.D. did not plead guilty to the offenses. This can lead to the view that he is not remorseful, but we must look at the larger picture of how the crime occurred and the original context of M.D.'s guilt. His explanation that he made a mistake in not finding and remedying the initial conduct of an employee does not mean he is not remorseful. At some level, we must accept that when someone exercises his constitutional right to trial, and is subsequently found guilty, he may express remorse in different ways.

**{¶13}** In *State v. Auge*, 10th Dist. No. 01AP-1272, 2002-Ohio-3061, ¶ 71, the court held that, as a matter of law, a defendant who exercises his right to a trial and is found guilty, can be deemed "rehabilitated" even if that person did not expressly state that he was guilty of the offense. The defendant in that case exercised his right to trial and testified as to his innocence at trial. In that context, expecting the defendant to express remorse for a crime for which he denied guilt amounted to perjury, and the court erred as a matter of law in imposing a contrary requirement. *Id.*

**{¶14}** The *Auge* court's rationale is persuasive. At M.D.'s trial, the testimony reflected that his employee purchased the computer and drafted the bill of sale that was

the basis for the forgery and uttering offenses. *M.D. I*, 8th Dist. Nos. 75339, 75340, and 75341, 2000 WL 235778. M.D.'s statement was nothing more than a statement of the facts as established at trial. The court's reliance on M.D.'s remorse, or alleged lack thereof, as being the sole reason to claim that he has not been rehabilitated is contrary to the intent of R.C. 2953.32 being liberally construed. In this case, it is undisputed that M.D. has held gainful employment, ascended to a position with managerial responsibilities, rebuilt his reputation, has not committed any other crime, and has expressed sufficient remorse for his own actions in the context of this case. The trial court, therefore, erred by finding that the defendant failed to satisfy the rehabilitation element of R.C. 2953.32(C), and by using the defendant's rehabilitation as a factor to deny an application to seal a record of conviction. M.D.'s assignments of error are sustained.

{¶15} There being no other stated reason to deny M.D.'s application to seal his record of conviction, we reverse the decision of the trial court and remand for the limited purpose of ordering M.D.'s record of conviction to be sealed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR