**In re Steven W. MONRO, Debtor.**

**No. 01–32141.**

United States Bankruptcy Court, N.D. Ohio.

June 6, 2002.

Elliot H. Feit, Toledo, OH, for Debtor.

Louis J. Yoppolo, Toledo, OH, trustee.

### DECISION AND ORDER

Richard L. SPEER, Bankruptcy Judge.

In the instant case, the Trustee has objected to the Debtor's claim of an exemption in an annuity; to wit: a deferred variable annuity having a present value of Seventy-one Thousand Five Hundred Forty-two and 15/100 dollars ($71,542.15). With regards to this annuity, the uncontested facts of this case show that it was purchased by the Debtor, as a personal investment in 1997, from the proceeds the Debtor received from his deceased father's

estate. Upon filing for bankruptcy relief, the Debtor claimed this annuity as exempt pursuant to O.R.C. § 2329.66(A)(10)(a). In addition, the Debtor later amended his bankruptcy schedules so as to also claim the annuity exempt pursuant to O.R.C. §§ 3911.10 and 2329.66(A)(6)(b).

On the matter of the Trustee's objection to the Debtor's claim of an exemption in his annuity, both the Trustee and the Debtor filed a Motion for Summary Judgment. In these Motions, the Parties agreed that resolution of the Trustee's objection could be decided solely on the basis of whether the Debtor's annuity qualified as exempt property under O.R.C. § 2329.66(A)(10)(a). As it pertains to this question, it is the Trustee's position that § 2329.66(A)(10)(a) limits its applicability to solely those "various categories of benefits which are available to public employees of the State of Ohio and of its municipalities." (Trustee's Reply Memorandum, at pg. 4). The Debtor, however, argues that certain types of property, including annuities, are exemptible under § 2329.66(A)(10)(a) without regard to whether the property was gained as the result of the debtor being a public employee.

### LEGAL ANALYSIS

■ Pursuant to 28 U.S.C. § 157(b)(2)(B), the allowance or disallowance of an exemption is deemed a core proceeding over which this Court has the jurisdictional authority to enter final orders. *In re Quintero,* 253 B.R. 832, 834 (Bankr.N.D.Ohio 2000).

■ At issue in this case, is the Debtor's claim of an exemption in an annuity under O.R.C. § 2329.66(A)(10)(a); this section provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(10)(a) Except in cases in which the person was convicted of or pleaded guilty to a violation of section 2921.41 of the Revised Code and in which an order for the withholding of restitution from payments was issued under division (C)(2)(b) of that section or in cases in which an order for withholding was issued under section 2907.15 of the Revised Code, and only to the extent provided in the order, and except as provided in sections 3105.171, 3105.63, 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, the person's right to a pension, benefit, annuity, retirement allowance, or accumulated contributions, the person's right to a participant account in any deferred compensation program offered by the Ohio public employees deferred compensation board, a government unit, or a municipal corporation, or the person's other accrued or accruing rights, as exempted by section 145.56, 146.13, 148.09, 742.47, 3307.41, 3309.66, or 5505.22 of the Revised Code, and the person's right to benefits from the Ohio public safety officers death benefit fund[.]

As it concerns this statutory language, at issue in this case is the modifying clause near the end of the statute which refers to Ohio Revised Code sections 145.56 thru 5505.22. In this regard, neither party disputes the fact that this modifying clause deals exclusively with benefits for public employees of the state of Ohio and its municipalities.[1] Additionally, there is no

---

1. Specifically, these code sections pertain to the following types of governmental benefits:

O.R.C. § 145.56 (Public Employees Retirement System); O.R.C. § 146.13 (Volunteer

disagreement between the Parties that the Debtor's annuity does not stem from such benefits. The Parties, however, do dispute the effect this modifying clause has on the different categories of exemptible property which are set forth in the clauses immediately preceding it. In particular, it is the Trustee's position that the modifying clause of § 2329.66(A)(10)(a) effects all of the preceding categories of exemptible property, including the first clause which permits a debtor to claim their interest in an annuity as exempt. (Trustee's Motion for Summary Judgment, at pgs. 5–7). On the other hand, the Debtor asserts that the modifying clause of § 2329.66(A)(10)(a) does not affect that category of exemptions which protects annuities. In making this assertion, the Debtor argues that the modifying clause of § 2329.66(A)(10)(a) only affects the preceding two clauses of exempt property. Thus, the Debtor argues that the exemptible categories of property under § 2329.66(A)(10)(a) should be read as follows:

(1) the person's right to a pension, benefit, annuity, retirement allowance, or accumulated contributions;

(2) the person's right to a participant account in any deferred compensation program offered by the Ohio public employees deferred compensation board, a government unit, or a municipal corporation, or the person's other accrued or accruing rights, as exempted by section 145.56, 146.13, 148.09, 742.47, 3307.41, 3309.66, or 5505.22 of the Revised Code; and

(3) the person's right to benefits from the Ohio public safety officers death benefit fund.

Fire Fighters' Dependent Fund); O.R.C. § 148.09 (Public Employees Deferred Compensation); O.R.C. § 742.47 (Police and Fire Pension Funds); O.R.C. § 3309.66 (Public

(Debtor's Memorandum in Support, *passim*).

It is a fundamental principle of statutory interpretation that, in the absence of ambiguity, a statute's plain meaning must be given effect. *State v. Krutz,* 28 Ohio St.3d 36, 38, 502 N.E.2d 210, 211 (1986); *State v. Waddell,* 71 Ohio St.3d 630, 631, 646 N.E.2d 821 (1995). In this regard, the natural starting point in construing the effect of any modifying clause in a statute is by reference to the standard rules of grammar. *State ex rel. Antonucci v. Youngstown City School Dist. Bd. of Edn.,* 87 Ohio St.3d 564, 565, 722 N.E.2d 69, 71 (2000) ("words and phrases used shall be read in context and construed according to the rules of grammar and common usage."). Under the standard rules of grammar, the effect of a modifying clause on the preceding phrase(s) is generally dependent on the presence or lack of a separating comma. In this respect, the lack of a comma will, in most instances, involve the application of the principle of statutory construction known as the rule of the last antecedent, which, as its name implies, holds that where one phrase of a statute modifies another, the modifying phrase applies only to the phrase immediately preceding it. *See, e.g., Indep. Ins. Agents of Ohio v. Fabe,* 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817 (1992); *O'Kane v. Apfel,* 224 F.3d 686, 690 (7th Cir.2000). By comparison, when a comma is placed between the modifying clause and the phrase(s) immediately preceding it, the general rule of statutory construction holds that the qualifying phrase applies not just to the phrase immediately preceding it, but instead to all of the antecedents phrases. *See Elliot Coal Mining Co. v.*

School Employees Retirement System); O.R.C. § 3307.41 (State Teachers Retirement System); and O.R.C. § 3307.41 (Highway Patrol Retirement System).

*Director, OWCP,* 17 F.3d 616, 625, 629–30 (3rd Cir.1994).

■■■ In this case, a reading of § 2329.66(A)(10)(a) clearly shows that a comma exists between the modifying clause and the clauses immediately preceding it. Thus, as the Trustee argues, the basic rules of grammatical construction clearly support the position that the modifying clause of § 2329.66(A)(10)(a), which references public employee benefits, would apply to all of the preceding categories of exemptions set forth in the statute, including the first set of exemptions which permit a debtor to claim their interest in an annuity as exempt. Nevertheless, strict adherence to the technical rules of grammar is not always proper when a contrary meaning of the statute is clear. As was explained by the Supreme Court of the United States:

> the meaning of a statute will typically heed the commands of its punctuation. But a purported plain-meaning analysis based only on punctuation is necessarily incomplete and runs the risk of distorting a statute's true meaning. Along with punctuation, text consists of words living a communal existence, in Judge Learned Hand's phrase, the meaning of each word informing the others and all in their aggregate taking their purport from the setting in which they are used. Over and over we have stressed that in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy. No more than isolated words or sentences is punctuation alone a reliable guide for discovery of a statute's meaning. Statutory construction is a holistic endeavor, and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter.

*United States National Bank of Oregon v. Independent Insurance Agents of America, Inc.,* 508 U.S. 439, 454–55, 113 S.Ct. 2173, 2182, 124 L.Ed.2d 402 (1993).

As it pertains to the above principles, the Debtor argues that, notwithstanding the punctuation contained in § 2329.66(A)(10)(a), the plain language of the statute still necessitates a finding that the modifying clause of the statute does not affect that clause of the statute which exempts annuities. In support of this position, the Debtor relies primarily on the statute's utilization of the language "the person's interest" at the beginning of the different categories of exempt property set forth § 2329.66(A)(10)(a). In more specific terms, it is the Debtor's position that the use of the phrase "the persons's right" in § 2329.66(A)(10)(a) is a device used to delineate between different exemptions within the same subdivision. (Debtor's Memorandum in Support, at pg. 10). Along this same line, the Debtor maintains that the lack of such introductory language in the catchall category of exemptions of § 2329.66(A)(10)(a)—i.e., that provision which provides that a person may claim as exempt "other accrued or accruing rights"—shows that such a provision is, in actuality, not a separate exemption, but instead part of the previous category of exemptions which deal with a "person's right to a participant account in any deferred compensation program." The Court, however, as it relates to both the structure and subject matter of the statute, has a couple of difficulties with the position posited by the Debtor.

First, as it pertains to the subject matter of § 2329.66(A)(10)(a) itself, it is observed that, in addition to the statutes' modify clause referring to public employees benefits, the introductory phrase of the statute applies exclusively to acts of public employees. Specifically, the introductory

portion of § 2329.66(A)(10)(a), which creates an exception to another wise valid claim of exemption, cites to § 2921.41 and § 2907.15 of the Ohio Revised Code which address dishonest acts committed by public officials. Secondly, and even more telling as to the limited nature of § 2329.66(A)(10)(a), is the fact that this statutory provision does not provide the exclusive avenue by which an annuity may be claimed as exempt. In particular, paragraph (A)(10)(b) of § 2329.66 also exempts pensions and annuities by providing that:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

Except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, the person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit-sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of the person's dependents, except if all the following apply:

(i) The plan or contract was established by or under the auspices of an insider that employed the person at the time the person's rights under the plan or contract arose.

(ii) The payment is on account of age or length of service.

(iii) The plan or contract is not qualified under the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. § 1, as amended.

However, as the above language clearly shows, there exist significant differences between paragraphs (A)(10)(a) and (A)(10)(b). In particular, paragraph (A)(10)(b), which makes absolutely no reference to public employee benefits, places additional limitations on a debtor's ability to exempt property as compared to paragraph (A)(10)(a). For example, unlike paragraph (A)(10)(a), a debtor may only exempt a pension or annuity under paragraph (A)(10)(b) of § 2329.66 to the "extent reasonably necessary to support" the debtor or any of the debtor's dependents. Additionally, § 2329.66(A)(10)(b), unlike it counterpart under paragraph (A)(10)(a), only permits a pension or annuity to be exempted if it is received "on account of illness, disability, death, age, or length or service." Finally, and also in contrast to paragraph (A)(10)(a), a pension or annuity is not exempt under paragraph (A)(10)(b) of § 2329.66 if the three part test set forth in subparagraphs (i)–(iii) is satisfied.

■ Therefore, on account of such differences, it rationally follows that, in setting forth two provisions for exempting pensions and annuities under § 2329.66, the legislature of the state of Ohio intended that there exist two distinct categories of such exemptions: (1) one for state or municipal employees who, as a result of their service to the state of Ohio, would be afforded an absolute right to exempt their pension or annuity; and (2) a catchall category which would place certain limitations on a debtor's ability to exempt their pension or annuity. Although it is apparent that such distinctions could have been stated more clearly in the statute, to simply ignore these distinctions, as the Debtor argues, would permit a debtor to claim any annuity exempt without regard to those limitations set forth in § 2329.66(A)(10)(b). Such a result would, of course, essentially render § 2329.66(A)(10)(b) superfluous as it pertains to pensions and annuities, and as such goes completely contrary to the

well-established principle of statutory construction that a statute is to be read, to the extent practicable, so as to give full effect to all of its parts. *State v. Arnold,* 61 Ohio St.3d 175, 178, 573 N.E.2d 1079, 1082 (1991).

Therefore, on account of the above observations, it is apparent that limiting the scope of § 2329.66(A)(10)(a) to solely those exemptions which relate to the debtor's employment as a public employee conforms not only to the dominate subject matter of the statute, but also promotes congruity with § 2329.66(A)(10)(b) which, like paragraph (A)(10)(a), also exempts annuities. In addition, and as explained earlier, such a reading also conforms to the basic rules of grammatical construction. Thus, given such considerations, it is this Court's judgment that the modifying clause of § 2329.66(A)(10)(a) applies to all of the preceding categories of exempt property set forth in the statute, including the first category which permits a debtor to claim their interest in an annuity as exempt. Accordingly, for these reasons, this Court will not permit the Debtor in this case to exempt those funds contained in his deferred variable annuity under § 2329.66(A)(10)(a).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Trustee's Motion for Summary Judgment, be, and is hereby, GRANTED to the extent that it pertains to the Debtor's claim of an exemption in his annuity under O.R.C. § 2329.66(A)(10)(a).